Official Form 4
10/05

## United States Bankruptcy Court

## Eastern District of New York

In re  **Joseph Yerushalmi** _____ ,  Case No. _____

Debtor

Chapter  **11** _____

# List  Of Creditors Holding 20 Largest Unsecured Claims

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| **YSYR, LLP/Amnon Shiboleth**<br>**One Pennsylvania Plaza**<br>**Suite 2527**<br>**New York, NY 10019** | | | DISPUTED | $3,539,000.00 |
| **Oxford Trust**<br>**c/o Howard Muchnick**<br>**200 Park Avenue**<br>**Suite 1700**<br>**New York, NY 10003** | | | DISPUTED | $500,000.00 |
| **First Aid Consulting**<br>**17 Barstow Road**<br>**Great Neck, NY 11024** | | | | $56,110.00 |
| **Moshe Mana/Dawn Singman**<br>**16720 Santera Drive**<br>**Delray Beach, FL 33484** | | | | $22,000.00 |
| **Benzi Paz**<br>**6 Hashalom Street**<br>**Kfar Netter, Israel** | | | | $12,500.00 |
| **Jeffrey Schwartz, Esq.**<br>**225 Broadway**<br>**Suite 2100**<br>**New York, NY 10007** | | | | $12,500.00 |

Official Form 4 -Cont.
10/05

In re  **Joseph Yerushalmi** _____ , Case No. _____

Debtor

Chapter  **11** _____

# List  Of Creditors Holding 20 Largest Unsecured Claims

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |

**Arnold Davis**
**40 Exchange Place**
**New York, NY 10002**

**$9,459.00**

**Baldwin Technical Support**
**87 Willow Street**
**Garden City, NY 11530**

**$5,760.00**

**Bryan Cave, LLP**
**1290 Ave of Americas**
**New York, NY 10104**
**Attn: John Berry, Esq.**

**$2,044.00**

**Jonathan Edwards, Esq.**
**336 S. Ocean Avenue**
**Freeport, NY 11520**

**$2,000.00**

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

**Official Form 6 - Summary (10/06)**

## United States Bankruptcy Court

### Eastern District of New York

In re  **Joseph Yerushalmi** _____,     Case No. _____

Debtor

Chapter   __11_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $         0.00 | | |
| B - Personal Property | YES | 4 | $   875,238.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $   410,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $ 1,257,664.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 3 | | $ 4,161,373.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $    20,000.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $    27,419.00 |
| TOTAL | | 17 | $   875,238.00 | $ 5,829,037.00 | |

FORM B6A
(10/05)

In re: **Joseph Yerushalmi** _____ .          **Case No.** _____
                              **Debtor**                                              **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **157 West Shore Road Great Neck, NY 11024 - Property Held in ""Qualified Residence Personal Trust" Since September 7, 1995** | **Life Estate** | | **Unknown** | **$ 410,000.00** |

Total    ➢    **0.00**

(Report also on Summary of Schedules.)

FormB6B
(10/05)

In re    **Joseph Yerushalmi**                                                                    ,              Case No. _____
                                                    Debtor                                                                      (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash** | | **500.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Bank of America - Checking (Restrained)** | | **100.00** |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Citibank - Checking** | J | **100.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Household Goods and Furnishings [Debtor's Spouse Asserts 50% Ownership]** | J | **100,225.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Fine Art Collection [Debtor's Spouse Asserts 50% Ownership]** | J | **100,000.00** |
| 6. Wearing apparel. | | **Wardrobe** | | **500.00** |
| 7. Furs and jewelry. | | **50% Interest in Jewelry in Possesion of Spouse** | J | **50,000.00** |
| Furs and jewelry. | | **Three Watches** | | **2,000.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| | | | | |

Form B6B-Cont.
(10/05)

In re    **Joseph Yerushalmi** _____ ,    Case No. _____

                                    Debtor                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give Particulars. | | **IRA** | | **20,276.00** |
| 13. Stock and interests in incorporated and unincorporated businesses.  Itemize. | | **Kentfield LLC** | | **0.00** |
| Stock and interests in incorporated and unincorporated businesses.  Itemize. | | **LSL Biotechnologies Inc. - 25.5% Shareholder [Appraised Value as of 5/4/2002]** | | **590,000.00** |
| Stock and interests in incorporated and unincorporated businesses.  Itemize. | | **Netline Investments - 1.4% Shareholder** | | **Unknown** |
| Stock and interests in incorporated and unincorporated businesses.  Itemize. | | **Sparks LLC [Brokerage Account] - 100% Shareholder** | | **5,037.00** |
| 14. Interests in partnerships or joint ventures.  Itemize. | | **Shiboleth Yisraeli Roberts Yerushalmi & Zisman** | | **Unknown** |
| Interests in partnerships or joint ventures.  Itemize. | | **Yerushalmi & Associates LLP - 99% Membership Interest** | | **0.00** |
| Interests in partnerships or joint ventures.  Itemize. | | **Yerushalmi Shiboleth Yisraeli & Roberts LLP** | | **Unknown** |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |
| | | | | |

Form B6B-Cont.
(10/05)

In re  **Joseph Yerushalmi** _____,     Case No. _____

Debtor                                                                      (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | **25% Claim to 2 Apartments on 80th Street and Amsterdam Avenue, New York, NY in Name of Spouse and Son** | **W** | **Unknown** |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | **25% Claim to Apartment on Warren Street, New York, NY in Name of Spouse and Daughter** | **W** | **Unknown** |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | **5 Cemetary Burial Plots** | **J** | **2,500.00** |
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1997 Land Rover Discovery** | | **4,000.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |

Form B6B-Cont.
(10/05)

**In re**   **Joseph Yerushalmi**                                              ,          Case No. _____
                                    **Debtor**                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

         __3__  continuation sheets attached           Total  ➤          **$ 875,238.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Official Form 6C (04/07)

In re  **Joseph Yerushalmi**                                               ,          Case No. _____
                                    Debtor                                                                      (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                                       $136,875
  ☐ 11 U.S.C. § 522(b)(2)
  ☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **157 West Shore Road Great Neck, NY 11024 - Property Held in ""Qualified Residence Personal Trust" Since September 7, 1995** | **CPLR § 5206(a)** | **50,000.00** | **Unknown** |
| **1997 Land Rover Discovery** | **Debt. & Cred. Law § 282** | **2,400.00** | **4,000.00** |
| **Bank of America - Checking (Restrained)** | **Debt. & Cred. Law § 283** | **100.00** | **100.00** |
| **Cash** | **Debt. & Cred. Law § 283** | **500.00** | **500.00** |
| **Citibank - Checking** | **Debt. & Cred. Law § 283** | **100.00** | **100.00** |
| **Household Goods and Furnishings [Debtor's Spouse Asserts 50% Ownership]** | **CPLR § 5205(a)(5)** | **5,000.00** | **100,225.00** |
| **IRA** | **Debt. & Cred. Law § 282, Ins. Law §4607, CPLR §5205(c)** | **20,276.00** | **20,276.00** |
| **Three Watches** | **CPLR § 5205(a)(6)** | **35.00** | **2,000.00** |
| **Wardrobe** | **CPLR § 5205(a)(5)** | **500.00** | **500.00** |

**Official Form 6D (10/06)**

In re **Joseph Yerushalmi** _____,    Case No. _____
                           **Debtor**                                    **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | X | J | | | | | 410,000.00 | 0.00 |
| Citibank, NA<br>PO Box 8003<br>S, Hackensack, NJ 07606 | | | Mortgage<br>157 West Shore Road<br>Great Neck, NY 11024<br>- Property Held in ""Qualified Residence Personal Trust" Since September 7, 1995<br>_____<br>**VALUE: Unknown** | | | | | |

0    continuation sheets
          attached

Subtotal  ➢
(Total of this page)

Total  ➢
(Use only on last page)

| | | |
|---|---|---|
| $ | 410,000.00 | $ | 0.00 |
| $ | 410,000.00 | $ | 0.00 |

(Report also on Summary of Schedules)  (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Official Form 6E (04/07)

In re   **Joseph Yerushalmi** _____     Case No. _____
                                    Debtor                                                        (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

❑   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☑   **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❑   **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

❑   **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❑   **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

❑   **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❑   **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑   **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❑   **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

❑   **Claims for Death or Personal Injury  While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**2  continuation sheets attached**

Official Form 6E (04/07) - Cont.

In re   **Joseph Yerushalmi**                                    Case No. _____
                                                                                              (If known)
                                         Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

### Type of Priority:  Domestic Support Obligations

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Malka Yerushalmi**<br>**157 West Shore Road**<br>**Great Neck, NY 11024** | | | **Domestic Support Obligations** | | | | **1,100.00** | **1,100.00** | **0.00** |

Sheet no. <u>1</u> of <u>2</u> continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | | |
|---|---|---|---|
| Subtotals ➤<br>(Totals of this page) | $ **1,100.00** | $ **1,100.00** | $ **0.00** |
| Total ➤<br>(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ | | |
| Total ➤<br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $ | $ |

Official Form 6E (04/07) - Cont.

In re   **Joseph Yerushalmi**                                                          Case No. _____
                                        Debtor                                                              (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

### Type of Priority:  Taxes and Certain Other Debts Owed to Governmental Units

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Internal Revenue Service**<br>**Holtsville, NY 00501** | | | **2006 Personal Income Taxes** | | X | | **10,000.00** | **10,000.00** | **0.00** |
| ACCOUNT NO.<br>**Internal Revenue Service**<br>**Holtsville, NY 00501** | X | | **1998 Personal Income Taxes** | | | X | 1,246,564.00 | 1,246,564.00 | **0.00** |

Sheet no. _2_ of _2_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | | |
|---|---|---|---|
| Subtotals ▷<br>(Totals of this page) | **$ 1,256,564.00** | $ 1,256,564.00 | $      **0.00** |
| Total ▷<br>(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | **$ 1,257,664.00** | | |
| Total ▷<br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $ 1,257,664.00 | $      **0.00** |

**Official Form 6F (10/06)**

In re **Joseph Yerushalmi** _____    Case No. _____
                            Debtor                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐    Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **Arnold Davis** **40 Exchange Place** **New York, NY 10002** | X | | Legal Fees | | | | 9,459.00 |
| ACCOUNT NO. **Baldwin Technical Support** **87 Willow Street** **Garden City, NY 11530** | | | Office Services | | | | 5,760.00 |
| ACCOUNT NO. **Benzi Paz** **6 Hashalom Street** **Kfar Netter, Israel** | | | | | | | 12,500.00 |
| ACCOUNT NO. **Bryan Cave, LLP** **1290 Ave of Americas** **New York, NY 10104** **Attn: John Berry, Esq.** | X | | Legal Fees | | | | 2,044.00 |
| ACCOUNT NO. **First Aid Consulting** **17 Barstow Road** **Great Neck, NY 11024** | X | | Loans | | | | 56,110.00 |

<u>2</u>   Continuation sheets attached

Subtotal ➤ | $ | 85,873.00

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re    **Joseph Yerushalmi** _____    Case No. _____
                                    **Debtor**                                                (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**Jeffrey Schwartz, Esq.**<br>**225 Broadway**<br>**Suite 2100**<br>**New York, NY 10007** | X | | **Legal Fees - March 2007** | | | | **12,500.00** |
| ACCOUNT NO.<br><br>**Jonathan Edwards, Esq.**<br>**336 S. Ocean Avenue**<br>**Freeport, NY 11520** | | | **Legal Fees** | | | | **2,000.00** |
| ACCOUNT NO.<br><br>**Kurcias, Jaffe & Company**<br>**111 Great Neck Road**<br>**Great Neck, NY 11021** | X | | **Accounting Services** | | | | **Unknown** |
| ACCOUNT NO.<br><br>**Moshe Mana/Dawn Singman**<br>**16720 Santera Drive**<br>**Delray Beach, FL 33484** | | | | | | | **22,000.00** |
| ACCOUNT NO.<br><br>**Oxford Trust**<br>**c/o Howard Muchnick**<br>**200 Park Avenue**<br>**Suite 1700**<br>**New York, NY 10003** | | | **2001-2002** | | | X | **500,000.00** |

Sheet no. _1_ of _2_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ **536,500.00**

Total ➤ | $

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

Official Form 6F (10/06) - Cont.

In re  **Joseph Yerushalmi**                              Case No. _____
                        Debtor                                              **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br>**YSYR, LLP/Amnon Shiboleth** <br>**One Pennsylvania Plaza** <br>**Suite 2527** <br>**New York, NY 10019** | X | | **Alleged Debt Jointly Owed to Amnon Shiboleth and Yerushalmi Shiboleth Yisraeli & Roberts LLP - March 2007** | | | X | **3,539,000.00** |

Sheet no. 2 of 2 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  $  **3,539,000.00**

Total ➤  $  **4,161,373.00**

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)**

Form B6G
(10/05)

In re: __Joseph Yerushalmi_____,        Case No. _____
                                          **Debtor**                                         **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

Form B6H
(10/05)

In re:  **Joseph Yerushalmi**                                    Case No. _____
                            Debtor                                                    (If known)

# SCHEDULE H - CODEBTORS

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Yerushalmi & Associates** | **Arnold Davis**<br>**40 Exchange Place**<br>**New York, NY 10002** |
| **Yerushalmi & Associates** | **Bryan Cave, LLP**<br>**1290 Ave of Americas**<br>**New York, NY 10104**<br>**Attn: John Berry, Esq.** |
| **Malka Yerushalmi** | **Citibank, NA**<br>**PO Box 8003**<br>**S, Hackensack, NJ 07606** |
| **Yerushalmi & Associates** | **First Aid Consulting**<br>**17 Barstow Road**<br>**Great Neck, NY 11024** |
| **Malka Yerushalmi** | **Internal Revenue Service**<br>**Holtsville, NY 00501** |
| **Yerushalmi & Associates** | **Jeffrey Schwartz, Esq.**<br>**225 Broadway**<br>**Suite 2100**<br>**New York, NY 10007** |
| **Yerushalmi & Associates** | **Kurcias, Jaffe & Company**<br>**111 Great Neck Road**<br>**Great Neck, NY 11021** |
| **Yerushalmi & Associates** | **YSYR, LLP/Amnon Shiboleth**<br>**One Pennsylvania Plaza**<br>**Suite 2527**<br>**New York, NY 10019** |

Official Form 6I (10/06)

In re  **Joseph Yerushalmi**                                              Case No. _____
                                    **Debtor**                                                         **(If known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 7, 11, 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: **Divorce Pending** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Attorney** | |
| Name of Employer | **Yerushalmi & Assocs. LLP** | |
| How long employed | **10 Years** | |
| Address of Employer | **Great Neck, NY** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ _____ **20,000.00** | $ _____ |
| 2. Estimate monthly overtime | $ _____ **0.00** | $ _____ |
| 3. SUBTOTAL | $ _____ **20,000.00** | $ _____ |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ _____ **0.00** | $ _____ |
| b. Insurance | $ _____ **0.00** | $ _____ |
| c. Union dues | $ _____ **0.00** | $ _____ |
| d. Other (Specify) _____ | $ _____ **0.00** | $ _____ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ _____ **0.00** | $ _____ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ _____ **20,000.00** | $ _____ |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ _____ **0.00** | $ _____ |
| 8. Income from real property | $ _____ **0.00** | $ _____ |
| 9. Interest and dividends | $ _____ **0.00** | $ _____ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ _____ **0.00** | $ _____ |
| 11. Social security or other government assistance (Specify) _____ | $ _____ **0.00** | $ _____ |
| 12. Pension or retirement income | $ _____ **0.00** | $ _____ |
| 13. Other monthly income (Specify) _____ | $ _____ **0.00** | $ _____ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ _____ **0.00** | $ _____ |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ _____ **20,000.00** | $ _____ |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | **$ 20,000.00** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:
**NONE** _____
_____

**Official Form 6J (10/06)**

In re **Joseph Yerushalmi** _____,    Case No. _____
                              **Debtor**                                    (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 10,000.00 |
|     a. Are real estate taxes included?    Yes ✓    No | | |
|     b. Is property insurance included?    Yes ✓    No | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 1,900.00 |
|     b. Water and sewer | $ | 100.00 |
|     c. Telephone | $ | 150.00 |
|     d. Other | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 1,800.00 |
| 4. Food | $ | 1,200.00 |
| 5. Clothing | $ | 150.00 |
| 6. Laundry and dry cleaning | $ | 175.00 |
| 7. Medical and dental expenses | $ | 520.00 |
| 8. Transportation (not including car payments) | $ | 350.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 500.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | $ | 0.00 |
|     b. Life | $ | 0.00 |
|     c. Health | $ | 1,266.00 |
|     d. Auto | $ | 254.00 |
|     e. Other **Umbrella Policy** | $ | 134.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)    **Self-Employment Taxes** | $ | 3,000.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | 0.00 |
|     b. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 4,800.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other **Auto Expenses** | $ | 400.00 |
|     **Domestic Help** | $ | 200.00 |
|     **Medical Co-Payments** | $ | 520.00 |

| | | |
|---|---|---|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 27,419.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---|
|     a. Average monthly income from Line 15 of Schedule I | $ | 20,000.00 |
|     b. Average monthly expenses from Line 18 above | $ | 27,419.00 |
|     c. Monthly net income (a. minus b.) | $ | -7,419.00 |

**Official Form 6 - Declaration (10/06)**

In re  **Joseph Yerushalmi** _____    Case No. _____
                                                                        **(If known)**

_____**Debtor**_____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **19** sheets (*total shown on summary page plus 2*), and that they are true and correct to the best of my knowledge, information, and belief.

Date:  **8/7/2007** _____     Signature:  **s/ Joseph Yerushalmi** _____

                                                        **Joseph Yerushalmi**

                                                                        Debtor

                                        [If joint case, both spouses must sign]


## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT  APPLICABLE)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

**Official Form 6 - Statistical Summary (10/06)**

# United States Bankruptcy Court
## Eastern District of New York

In re   **Joseph Yerushalmi**                                         Case No. _____

_____,        Chapter   **11**   _____
                                    Debtor

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | **$ 1,100.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | **$ 1,256,564.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations  (from Schedule F) | $ 0.00 |
| TOTAL | $ 1,257,664.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ Varies |
| Average Expenses (from Schedule J, Line 18) | $ Varies |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ 0.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 1,257,664.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4. Total from Schedule F | | $4,161,373.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $4,161,373.00 |

Official Form 7
(04/07)

**UNITED STATES BANKRUPTCY COURT**
**Eastern District of New York**

In re:  **Joseph Yerushalmi**
_____,     Case No. _____
                          Debtor                                                               (If known)

# STATEMENT OF FINANCIAL AFFAIRS

### 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **185,000.00** | **Operation of Law Firm** | **2005** |
| **274,993.00** | **Operation of Law Firm** | **2006** |

### 2.  Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

### 3.  Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☑

a.   *Individual or joint debtor(s) with primarily consumer debts*: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less that $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
❑

b.  *Debtor whose debts are not primarily consumer debts:*  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **Citimortgage** | **6/9/07 & 6/29/07** | **15,266.00** | |
| **US Dept. of Treasury** | **7/10/07** | **35,000.00** | |

None
❑

c.  *All debtors:*  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Malka Yerushalmi** | | | |

---

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
❑

a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Joseph Yerushalmi v. Yaacov Yisraeli, Richard  Roberts & Isaac Zisman** | **Arbitration** | **Israel** | **Pending** |
| **Malka Yerushalmi v. Joseph Yerushalmi** | **Matrimonial/Divorce** | **Supreme Court Nassau County** | **Pending** |
| **Amnon Shiboleth and Yerushalmi Shiboleth Yisraeli & Roberts LLP v. Joseph Yerushalmi and Yerushalmi & Associates LLP** | **Debt Collection** | **Supreme Court New York County** | **Judgment Entered** |

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
❏

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Amnon Shiboleth/YSYR LLP** | **03/01/2007** | **Minimal Amounts in Bank of America Account** |

## 5.  Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6.  Assignments and receiverships

None
☑

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7.   Gifts

None
☐

    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **Gili Yael Yerushalmi** | **Niece** | | **Various Amounts Given Between 7/26/06 and 7/25/07** |

## 8.   Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9.   Payments related to debt counseling or bankruptcy

None
☐

    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Pick & Zabicki LLP** **369 Lexington Avenue** **12th Floor** **New York, NY 10017** | **5/17/07 - Paraiso Del Peru** | **$19,975.00 inclusive of expenses and filing fees** |

## 10.   Other transfers

None
☑

a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
☑

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

## 11.  Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12.  Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13.  Setoffs

None
☐

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**To Be Provided**

### 14.  Property held for another person

None


List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

### 15.  Prior address of debtor

None


If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

### 16.  Spouses and Former Spouses

None


If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.     List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None


| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

b.     List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None


| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18.  Nature, location and name of business

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE  EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Kentfield LLC** | | | **Shareholder** | |
| **LSL Biotechnologies, Inc.** | | | **25.5% Shareholder** | |
| **Yerushalmi & Assocs. LLP** | | | **Law Firm - 99% Member** | |
| **YSR LLP** | | | **Law Firm - 51% Member** | |

b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|---|---|

## 19.  Books, records and financial statements

None
☐

a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Kurcias, Jaffe & Company 111 Great Neck Road Great Neck, NY 11021** | **2004 - Present** |

b.   List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None
❑

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **IRS/Kurcias, Jaffe & Co.**<br>**111 Great Neck Road**<br>**Great Neck, NY 11021** | **2002 - Present (Audit)**<br>**2005 - Present (Financial Statements)** |

c.   List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

None
❑

| NAME | ADDRESS |
|---|---|
| **Kurcias, Jaffe & Company** | **111 Great Neck Road**<br>**Great Neck, NY 11021** |

d.   List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case by the debtor.

None
❑

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **Malka Yerushalmi**<br>**(Net Worth Statement)** | **04/23/2006** |

## 20.  Inventories

None
☑

a.   List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

b.   List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

None
☑

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN<br>OF INVENTORY RECORDS |
|---|---|

## 21.  Current Partners, Officers, Directors and Shareholders

None
☑

a.   If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

None
☑

|  |  | NATURE AND PERCENTAGE |
| NAME AND ADDRESS | TITLE | OF STOCK OWNERSHIP |

## 22.  Former partners, officers, directors and shareholders

None
☑

a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |

b.   If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

None
☑

|  | TITLE | DATE OF TERMINATION |
| NAME AND ADDRESS |  |  |

## 23.  Withdrawals from a partnership or distributions by a corporation

None
☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |

## 24.  Tax Consolidation Group.

None
☑

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME  OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER |

## 25.  Pension Funds.

None
☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME  OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER |

\* \* \* \* \* \*

*[if completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date **8/7/2007**                    Signature    **s/ Joseph Yerushalmi**
                                     of Debtor    **Joseph Yerushalmi**

B 203
(12/94)

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

In re:    **Joseph Yerushalmi**                              Case No. _____

                              Debtor                          Chapter    **11**   _____

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept                      $         **19,975.00**

    Prior to the filing of this statement I have received         $         **19,975.00**

    Balance Due                                 $         **0.00**

2.  The source of compensation paid to me was:

    ☐ Debtor             ☑ Other (specify)     **Paraiso Del Peru**

3.  The source of compensation to be paid to me is:

    ☐ Debtor             ☐ Other (specify)

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a)   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b)   Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

    c)   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

    d)   Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e)   [Other provisions as needed]
        **Amounts Paid Include Filing Fees and Disbursements**

6.  By agreement with the debtor(s) the above disclosed fee does not include the following services:

    **None**

---

## CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: **8/7/2007** _____

_____

**Douglas J. Pick, Esq., Bar No.  (DP-5935)**

**Pick & Zabicki LLP**
Attorney for Debtor(s)

Official Form 23 (10/06)

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

In re  **Joseph Yerushalmi**                              ,        Case No.  _____

                                    Debtor            Chapter  **11**_____

## DEBTOR'S CERTIFICATION OF COMPLETION OF INSTRUCTIONAL COURSE CONCERNING PERSONAL FINANCIAL MANAGEMENT

*Every individual debtor in a chapter 7 or chapter 13 case must file this certification. If a joint petition is filed, each spouse must complete and file a separate certification. Complete one of the following statements and file by the deadline stated below:*

☑ I,  **Joseph Yerushalmi**                              , the debtor in the above-styled
                    (Printed Name of Debtor)
case hereby certify that on  **07/10/2007**_____            (Date), I completed an instructional course in personal financial management provided by  **Institute for Financial Literacy, Inc.**
                                            (Name of Provider)
an approved personal financial management provider.

   Certificate No.:  **00252-NYE-CC-002166506**_____

☐ I,  _____ , the debtor in the above-styled case,
                    (Printed Name of Debtor)
hereby certify that no personal financial management course is required, because of *[Check the appropriate box.]:*
   ☐  Incapacity or disability, as defined in 11 U.S.C. § 109(h)
   ☐  Active military duty in a military combat zone; or
   ☐  Residence in a district in which the United States trustee (or bankruptcy administrator) has
determined that the approved instructional courses are not adequate at this time to serve the additional individuals who would otherwise be required to complete such courses.

Signature of Debtor: **s/ Joseph Yerushalmi**_____
                    **Joseph Yerushalmi**

Date: **8/7/2007**_____

---

*Instructions:* Use this form only to certify whether you completed a course in personal financial management. (Fed. R. Bankr. P. 1007(b)(7).) Do NOT use this form to file the certificate given to you by your prepetition credit counseling provider and do NOT include with the petition when filing your case.

*Filing Deadlines:* In a chapter 7 case, file within 45 days of the first date set for the meeting of creditors under § 341 of the Bankruptcy Code. In a chapter 13 case, file no later than the last payment made by the debtor as required by the plan or the filing of a motion for entry of a discharge under § 1328(b) of the Code. (See Fed. R. Bankr. P. 1007(c).)

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

In Re                                                          BANKRUPTCY NO.

**Joseph Yerushalmi**

Debtor.

# DECLARATION RE: ELECTRONIC FILING OF
# PETITION, SCHEDULES & STATEMENTS

## PART I - DECLARATION OF PETITIONER

I **Joseph Yerushalmi** _____ ,

the undersigned debtor(s), *hereby declare under penalty of perjury* that the information I have given my attorney and the information
provided in the electronically filed petition, statements, schedules is true and correct. I consent to my attorney sending my petition,
this declaration, statements and schedules to the United States Bankruptcy Court. I understand that this DECLARATION RE:
ELECTRONIC FILING is to be filed with the Clerk once all schedules have been filed electronically but, in no event, no later than 15 days
following the date the petition was electronically filed. I understand that failure to file the signed original of this DECLARATION will cause
my case to be dismissed pursuant to 11 U.S.C. § 707(a)(3) without further notice.

❑      [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am
aware that I may proceed under chapter 7, 11, 12 or 13 of 11 United States Code, understand the relief available under each such chapter,
and choose to proceed under Chapter 7. I request relief in accordance with the chapter specified in this petition.

❑      [If petitioner is a corporation or partnership] I declare under penalty of perjury that the information provided in this
petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in
accordance with the chapter specified in this petition.

Dated:   **8/7/2007**

Signed:   **s/ Joseph Yerushalmi** _____
                **Joseph Yerushalmi**
                        (Applicant)

## PART II - DECLARATION OF ATTORNEY

I *declare under penalty of perjury* that I have reviewed the above debtor's petition and that the information is complete and
correct to the best of my knowledge. The debtor(s) will have signed this form before I submit the petition, schedules, and statements. I
will give the debtor(s) a copy of all forms and information to be filed with the United States Bankruptcy Court, and have followed all other
requirements in the most recent attachment to G.O. #162. I further declare that I have examined the above debtor's petition, schedules, and
statements and, to the best of my knowledge and belief, they are true, correct, and complete. If an individual, I further declare that I have
informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, and have explained the
relief available under each such chapter. This declaration is based on all information of which I have knowledge.

Dated:   **8/7/2007**

_____

**Douglas J. Pick, Esq.**
Attorney for Debtor(s)

B 201 (04/09/06)

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

# NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization  ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of Attorney

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| | |
|---|---|
| **Douglas J. Pick, Esq.** | **8/7/2007** |
| Printed Name of Attorney | Signature of Attorney                          Date |

Address:

**Pick & Zabicki LLP**
**369 Lexington Avenue**
**12th Floor**
**New York, NY 10017**

**(212) 695-6000**

### Certificate of the Debtor

I , the debtor, affirm that I have received and read this notice.

| | |
|---|---|
| **Joseph Yerushalmi** | X **s/ Joseph Yerushalmi**                    **8/7/2007** |
| Printed Name of Debtor | **Joseph Yerushalmi** |
| | Signature of Debtor                          Date |

Case No. (if known) _____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

_____x

In Re:

**Joseph Yerushalmi**

**Case No.**

**Chapter**        **11**

                    **Debtor(s)**

_____x

## VERIFICATION OF CREDITOR MATRIX/LIST OF CREDITORS

      The undersigned debtor(s) or attorney for the debtor(s) hereby verifies that the creditor matrix/list of creditors submitted herein is true and correct to the best of his or her knowledge.

Dated:  **8/7/2007**

    **s/ Joseph Yerushalmi**_____

    **Joseph Yerushalmi**
    Debtor

    _____

    **Douglas J. Pick, Esq.**
    Attorney for Debtor

Arnold Davis
40 Exchange Place
New York, NY 10002


Baldwin Technical Support
87 Willow Street
Garden City, NY 11530


Benzi Paz
6 Hashalom Street
Kfar Netter, Israel


Bryan Cave, LLP
1290 Ave of Americas
New York, NY 10104
Attn: John Berry, Esq.


Citibank, NA
PO Box 8003
S, Hackensack, NJ 07606


First Aid Consulting
17 Barstow Road
Great Neck, NY 11024


Internal Revenue Service
Holtsville, NY 00501


Jeffrey Schwartz, Esq.
225 Broadway
Suite 2100
New York, NY 10007


Jonathan Edwards, Esq.
336 S. Ocean Avenue
Freeport, NY 11520

Yerushalmi & Associates

Kurcias, Jaffe & Company
111 Great Neck Road
Great Neck, NY 11021

Malka Yerushalmi

Malka Yerushalmi
157 West Shore Road
Great Neck, NY 11024

Malka Yerushalmi

Moshe Mana/Dawn Singman
16720 Santera Drive
Delray Beach, FL 33484

NYC Dept. of Finance
345 Adams Street
Brooklyn, NY 11201

NYC Law Dept.
100 Church Street
New York, NY 10007

NYS Attorney General
120 Broadway
New York, NY 10271

```
NYS Dept. of Tax & Fin.
WA Harriman Campus
Albany, NY 12227




Oxford Trust
c/o Howard Muchnick
200 Park Avenue
Suite 1700
New York, NY 10003


United States Attorney
One Pierrepont Plaza, 14T
Brooklyn, NY 11201



US Dept. of Justice
Box 55
Washington, DC 20044



Yerushalmi & Associates




Yerushalmi & Associates





Yerushalmi & Associates




YSYR, LLP/Amnon Shiboleth
One Pennsylvania Plaza
Suite 2527
New York, NY 10019
```