Douglas J. Pick (DP-5935)
Eric C. Zabicki (EZ-0763)
**PICK & ZABICKI LLP**
Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000
dpick@picklaw.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | |
|---|---|
| In re:<br>JOSEPH YERUSHALMI,<br><br>Debtor. | Chapter 11<br>Case No. 07-72816 (JBR) |

-------------------------------------------------------x

**AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-3**

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

JOSEPH YERUSHALMI, being duly sworn, deposes and states:

1. I am the individual debtor herein. I submit this affidavit pursuant to Rule1007-3 of the Local Bankruptcy Rules (the "LBR").

2. On July 25, 2007, I filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and an order for relief was entered. There are no other prior bankruptcy cases filed by or against me. No committee of creditors was organized prior to the chapter 11 case.

3. I am an attorney and hold a 99% ownership interest in the law firm Yerushalmi & Associates, LLP ("Y&A"). The immediate cause of my chapter 11 filing was the restraint of Y&A's

operating bank account by Amnon Shiboleth ("Shiboleth") (a former partner of mine in a prior law firm) and Yerushalmi, Shiboleth, Yisraeli and Roberts, LLP ("YSYR") (my prior firm) in connection with an action for an accounting between me and Shiboleth concerning YSYR. Specifically, Shiboleth and I were law partners in YSYR which we terminated on March 31, 2005. Shiboleth and YSYR subsequently commenced the accounting action against Y&A and me individually before a Special Referee in the Supreme Court of the State of New York.

4. By way of a Decision and Order dated February 16, 2007, the Special Referee hearing this matter found in favor of Shiboleth and YSYR. Specifically, judgment was entered in favor of Shiboleth and YSYR: (a) against Yerushalmi & Associates, LLP and me in the amount of $2,036,273.00; and (b) solely against me in the amount of $1,503,774.00. A recent request made to the Appellate Division for a stay of enforcement of the judgment pending a hearing and determination of Yerushalmi & Associates, LLP's and my appeal from the judgment was denied.

5. In addition to the above judgment, the Special Referee authorized the release of approximately $1,200,000.00 to Shiboleth to be used to satisfy (primarily) three creditors of YSYR which were dismissed from the state court proceedings on *forum non conveniens* grounds and pending the outcome of arbitration proceedings in Israel concerning those three creditors.[1] If those claims are denied, I believe that a portion of the $1,200,000.00 million will be applied against the judgment amounts.

6. I filed my chapter 11 petition so as to restructure my debts pursuant to the provisions of the Bankruptcy Code, while simultaneously continuing to operate my law practice and

[1] The Special Referee's decisions and rulings were subsequently affirmed by the Appellate Division on appeal.

prosecuting my pending appeal from the aforementioned judgment.

7. Simultaneously with the filing of my chapter 11 petition, Yerushalmi & Associates filed its own chapter 11 petition with this Court under Case No. 07-72817 (JBR).

8. Pursuant to LBR 1007-3(a)(4), annexed is a list containing the names, addresses and telephone numbers of what I believe to be the twenty largest unsecured creditors excluding insiders.

9. Pursuant to LBR 1007-3(a)(5), my secured creditors of the Debtor are listed in Schedule "D" to my petition.

10. Pursuant to LBR 1007-3(a)(6), annexed as Schedules B, D & F to my petition are summaries of my assets and liabilities.

11. I do not own any shares of stocks, debentures, or other securities that are publicly held.

12. No property of mine is in the possession or custody of any public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity, the title of any proceeding relating thereto, and the court in which it is pending.

13. I have no substantial assets held outside the territorial limits of the United States.

14. To the best of my knowledge, the only lawsuits filed against me are:

(a) the state court matter described herein and captioned *Amnon Shiboleth and Yerushalmi, Shiboleth, Yisraeli, & Roberts, LLP v. Joseph Yerushalmi, Yerushalmi & Associates, L.L.P., N.S.N. International Industries, N.V., Rank Enterprises, Inc. and Barry I. Fredericks*; and

(b) a matrimonial action captioned *Malka Yerushalmi v. Joseph Yerushalmi.*

15. During the thirty day period following the commencement of the chapter 11 case, I should generate gross income in the approximate amount of $20,000.00. Expenses and disbursements for the same month should total approximately $28,000.00.

16. I believe that under the supervision of the bankruptcy court, I will be able to restructure my debts and pay creditors substantially more than they would receive if I went through a forced liquidation.

**s/Joseph Yerushalmi**
JOSEPH YERUSHALMI

Sworn to before me this
7th day of August, 2007

**s/Douglas J. Pick**
Douglas J. Pick
Notary Public, State of New York
No. 31-4758430 Qualified in New York County
Commission Expires February 26, 2011