UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re: Chapter 7

Joseph Yerushalmi, Case No. 807-72816-619

Debtor. Affirmation in Support

------------------------------------------------------------X

Marc A. Pergament, duly affirms under the penalties of perjury as follows:

1. I am an attorney admitted to practice law in the United States Court of Appeals for the Second Circuit and the United States District Court for the Eastern and Southern Districts of New York and am a member of Weinberg, Gross & Pergament LLP, attorneys for the Trustee.

2. I am also the Trustee of this Estate and am familiar with the facts and circumstances set forth herein.

3. This affirmation is submitted in support of the Trustee's motion for an entry of an order: (a) authorizing the Chapter 7 Trustee to issue subpoenas pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure for the production of documents and testimony from Malka Yerushalmi, Hadar Yerushalmi, Chen Yerushalmi, the Qualified Residence Personal Trust ("Residence Trust"), Janet Baldwin and Baldwin Technical Support, Inc.; (b) authorizing the Chapter 7 Trustee to serve the Rule 2004 subpoenas via certified mail; and (c) such other and further relief that this Court deems just and proper.

4. On July 25, 2007, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date") and the case was converted to a case

under Chapter 7 of the Bankruptcy Code on October 2, 2007. The Debtor was examined at the meeting held pursuant to 11 U.S.C. § 341 on November 14, 2007 (the "341 Meeting").

5. On September 21, 2007, the Debtor faced his initial examination at a meeting of creditors in his Chapter 11 bankruptcy case (the "Chapter 11 Meeting"). The Debtor was thereafter examined at the meeting of creditors held pursuant to 11 U.S.C. § 341 in this Chapter 7 case on November 14, 2007 (the "Chapter 7 Meeting").

6. Subsequent to my review of the Debtor's Petition, Schedules and Statement of Financial Affairs and the limited documentation available with respect to the Debtor's assets and liabilities, by letter to the Debtor's counsel dated October 5, 2007, I requested the Debtor produce certain documents necessary to the administration of the Debtor's Chapter 7 case (the "Document Request Letter"). The documents sought included the Debtor's personal income tax returns; tax returns filed on behalf of trusts created by the Debtor, as well as documents evidencing the administration of three trusts; bank statements, cancelled checks and documents relating to savings and brokerage accounts maintained by the Debtor; documents relating to the estate of the Debtor's late father; documents relating to the Debtor's business interest and real property holdings or interests; and, authorization for the examination of the files regarding the Debtor's matrimonial proceeding pending in the New York State Supreme Court, Nassau County (the "Document Request"). A copy of the Document Request Letter is annexed hereto as Exhibit "A."

7. Because the Debtor failed to respond to the Document Request, I sought and obtained an Order of this Court dated October 18, 2007 scheduling a hearing to compel the Debtor to produce documents and information demanded in the Document Request.

8. A review of all available documentation, testimony and information to date raises a number of issues with respect to possible fraudulent transfers of the Debtor's assets.

9. According to documents provided by the Debtor, Schedule A of the Debtor's Petition and testimony elicited at the Debtor's Chapter 11 and Chapter 7 meetings, in or about 1995, the Debtor and his estranged wife, Malka Yerushalmi ("Malka") were owners in fee, as tenants by the entireties, of the real property known as 157 West Shore Road, Great Neck, New York (the "Residence").

10. By Trust Agreement dated September 7, 1995, made by Malka as grantor and Malka and the Debtor as Trustees, a "Qualified Residence Personal Trust" was created (the "Residence Trust").

11. Upon information and belief, on or about September 7, 1995, Malka and the Debtor transferred their entire interest in the Residence to Malka, who in turn transferred her entire interest in the Residence to the Residence Trust. Upon information and belief, the Debtor has a "life estate" in the Residence and is and has been responsible for making all mortgage payments and pays for the maintenance and upkeep of the Residence in an amount equal to at least $15,000.00 per month.

12. In order to evaluate whether the Debtor has been receiving adequate consideration for his financial contributions to the Residence, it is necessary to issue subpoenas requiring the production of documents and testimony from Malka and the Residence Trust regarding expenses paid with respect to the Residence Trust and the Residence and consideration received by the Debtor.

13. According to the Debtor's Petition, Schedules, and the Debtor's testimony at his Chapter 11 and Chapter 7 Meetings, the Debtor provided one hundred percent (100%) of the funds needed to purchase three different condominiums in New York City.

14. Upon information and belief, in 1996, the Debtor funded the purchase of two apartments located at 186 West 80th Street, New York, New York to which title is held by Malka and the Debtor's son, Chen Yerushalmi ("Chen") and for which the Debtor has paid all mortgage payments and maintenance expenses (the "80th Street Property"); and in 2000, the Debtor funded the purchase of one apartment located at 19-21 Warren Street, New York, New York, to which title is held by Malka and the Debtor's daughter, Hadar Yerushalmi ("Hadar") and for which the Debtor has paid all mortgage payments and maintenance expenses (the "Warren Street Property").

15. Upon information and belief, the Debtor may has a twenty five percent (25%) ownership interest in the 80th Street Property, but whether the Debtor received adequate consideration for the funds provided for the purchase of the 80th Street and Warren Street Properties is unknown.

16. In order to evaluate what, if any, consideration was received by the Debtor for his funding of the purchase of the 80th Street and Warren Street Properties and his payment of all mortgage and maintenance costs with respect thereto, it is necessary to issue subpoenas requiring testimony and the production of documents from Malka, Chen and Hadar.

17. Upon information and belief, Janet Baldwin ("Janet") is a "personal" friend of the Debtor and the sole owner and shareholder of Baldwin Technical Support, Inc. ("Baldwin Technical"). Upon information and belief, the Debtor made payments to Baldwin

Technical prior to the filing of the Debtor's Petition for services allegedly provided to the Debtor's law practice ("Baldwin Payments").

18. In order to evaluate whether there were any fraudulent transfers of the Debtor's assets with respect to the Baldwin Payments, it is necessary to issue subpoenas requiring testimony and the production of documents from Janet and Baldwin Technical.

19. Upon information and belief, and based on all of the foregoing, I believe that certain fraudulent transfers of the Debtor's property may have been made prior to the date of the Debtor's Petition and, therefore, I am seeking authorization to issue Rule 2004 Subpoenas to Malka Yerushalmi; Hadar Yerushalmi, Chen Yerushalmi, the "Residence Trust", Janet Baldwin and Baldwin Technical Support, Inc., to confirm the existence and extent of such transfers to the detriment of the Debtor's creditors.

20. The documents that are requested from the parties are set forth in the Schedules annexed hereto as Exhibit "B."

21. I also request that this Court waive the requirement of the filing of a memorandum of law as no novel issue of law is present with respect to the issues herein.

22. No prior application has been made to this or any other Court for the relief requested herein.

WHEREFORE, it is respectfully requested that this Honorable Court grant the Trustee's motion in its entirety and such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
November 30, 2007

Marc A. Pergament (MP-6183)