UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In Re: Chapter 7

Joseph Yerushalmi, Case No. 807-72816-jf

Debtor. Affirmation in Support

----------------------------------------------------------X

Marc A. Pergament, the Trustee herein (hereinafter "Trustee" or the "Applicant"), and an attorney-at-law, duly admitted to practice before the United States Court of Appeals for the Second Circuit and United States District Court for the Eastern and Southern Districts of New York, affirms under the penalty of perjury as follows:

1. I am a member of the law firm of Weinberg, Gross & Pergament LLP, attorneys for the Trustee and am fully familiar with the facts and circumstances of this case.

2. This Affirmation is presented in support of my motion for an Order: (a) holding Chenie Yerushalmi in contempt for his refusal to produce documents and to appear for his Rule 2004 examination as required by a Subpoena served upon him pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure; (b) assessing sanctions and fines against Chenie Yerushalmi in the sum of $100.00 per day until he appears for his Rule 2004 examination and produces the requested documents; (c) awarding the Trustee his costs and attorneys fees with respect to this motion in the sum of $1,250.00 payable by Chenie Yerushalmi within ten (10) days of service of notice of entry of the order; and (d) for such other and further relief as this Court deems just and proper.

3. On or about July 25, 2007, the Debtor, Joseph Yerushalmi (hereinafter "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and the case was converted to a case under Chapter 7 of the Bankruptcy Code on October 2, 2007.

4. This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

5. Venue of this Application is proper pursuant to 28 U.S.C. § 1409.

6. On September 21, 2007, the Debtor was examined at a meeting of creditors in his Chapter 11 bankruptcy case (the "Chapter 11 Meeting"). The Debtor subsequently faced his initial examination at the meeting of creditors held pursuant to 11 U.S.C. § 341 in this Chapter 7 case on November 14, 2007 (the "Chapter 7 Meeting").

7. A review of the documents, testimony and information obtained as a result of the Chapter 11 and Chapter 7 Meetings, documentation produced by the Debtor and research conducted by my counsel, raised issues with respect to possible fraudulent transfers of the Debtor's assets.

8. In one such instance, according to the Debtor's Petition and the testimony at the Chapter 7 and Chapter 11 Meetings, the Debtor provided one hundred (100%) percent of the funds needed to purchase two condominium apartments located at 186 West 80th Street, New York, New York (the "80th Street Property") to which title is held by Malka Yerushalmi and the Debtor's son, Chenie Yerushalmi, and for which, upon information and belief, the Debtor has paid all the mortgage and maintenance expenses.

9. Upon information and belief, the Debtor may possess an ownership interest in the 80th Street Property. However, whether the Debtor received adequate

consideration for the funds provided for the purchase of the 80th Street Property or the mortgage and maintenance payments made with respect to that Property, remains unknown.

10. In order to determine whether any fraudulent conveyance actions exist, whether any assets have been concealed, and whether any of the Debtor's assets were improperly used for the benefit of others, I requested, and was granted, an Order of this Court authorizing me to serve a Rule 2004 Subpoena and accompanying Request for Documents upon Chenie Yerushalmi, among others. A copy of the Subpoena and Order is annexed hereto as Exhibit "A."

11. The Subpoena, dated January 2, 2008, which was served upon Chenie Yerushalmui required him to appear and testify at an examination at my office and to produce documents relating to the acquisition of the 80th Street Property as well as payments made by Chenie Yerushalmi and/or the Debtor for mortgage and maintenance obligations with respect to the 80th Street Property and finance accounts maintained with the Debtor. The Affidavits of Service of the Subpoenas are annexed hereto as Exhibit "B."

12. On February 5, 2008 I spoke with Chenie Yerushalmi and he advised me that he had the Subpoena and that he would comply. My letter of February 13, 2008 confirming that conversation is annexed hereto as Exhibit "C." I was then contacted by counsel and we reached an agreement concerning subpoena compliance.

13. By letters to Chenie Yerushalmi's counsel dated February 20, 2008 and February 21, 2008, I confirmed that Chenie Yerushalmi had been served with the Rule 2004 Subpoena at addresses given to me by his father, the Debtor, and at the 80th Street Property, to which he holds title. In addition, I confirmed the agreement with counsel, that Chenie Yerushalmi would produce the documents required by the Subpoena by February 29, 2008 and

appear for his Rule 2004 examination at my offices on March 7, 2008. Copies of the February 20 and February 21, 2008 letters are annexed hereto as Exhibit "D."

14. Chenie Yerushalmi failed to produce the required documents for inspection on February 29, 2008. No requests for extension of the deadline were made.

15. On March 5, 2008, I telephoned Chenie Yerushalmi's counsel and was advised that Chenie Yerushalmi had not provided him with the required documents and would not appear for his Rule 2004 examination on March 7, 2008.

16. There was no excuse or explanation provided by Chenie Yerushalmi of his failure to produce the required documents or to appear for his Rule 2004 examination.

17. I request that this Court grant the relief requested in this motion and such other and further relief that this Court deems just and proper.

18. I also request that this Court waive the requirement of the filing of a memorandum of law as no novel issue of law is present with respect to the issues herein.

19. No prior application has been made to this or any other Court for the relief requested herein.

WHEREFORE, it is respectfully requested that this Honorable Court grant the Trustee's motion in its entirety and such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
March 7, 2008

Marc A. Pergament (MP-6183)