UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 7 |
| Joseph Yerushalmi, | Case No. 807-72816-478 |
| Debtor. | |

------------------------------------------------------------------X

| | |
|---|---|
| Marc A. Pergament, Chapter 7 Trustee of the Estate of Joseph Yerushalmi, | Adv. Proc. No. |
| Plaintiff, | |
| -against- | **Complaint** |
| Malka Yerushalmi, Hadar Yerushalmi and Chenie Yerushalmi, | |
| Defendants. | |

------------------------------------------------------------------X

Marc A. Pergament, Chapter 7 Trustee of the Estate Joseph Yerushalmi, by his attorneys, Weinberg, Gross & Pergament LLP, as and for his Complaint herein, respectfully alleges and represents to this Court as follows:

1. This action arises under 11 U.S.C. §§ 541, 544, 548 and 550 and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure and § 270 et seq. of the New York Debtor and Creditor Law.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 as this action arose in and under the pending Chapter 7 case of Joseph Yerushalmi.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409 (a).

**THE PARTIES**

4. Marc A. Pergament is the duly appointed Chapter 7 Trustee pursuant to 11 U.S.C. § 704 ("Trustee"), having been appointed after the Debtor's case was converted from

Chapter 11 to Chapter 7, has duly qualified as such, and by operation of law, became the permanent Trustee of this case.

5. Upon information and belief, at all relevant times herein, Defendant Malka Yerushalmi ("Malka") has been a domiciliary of the State of New York, residing at 157 West Shore Road, Great Neck, New York, is the estranged wife of the Debtor, and is the mother of Defendants Chenie Yerushalmi and Hadar Yerushalmi.

6. Upon information and belief, at all relevant times herein, Defendant Hadar Yerushalmi ("Hadar") has been a domiciliary of the State of California and is daughter of Malka and the Debtor.

7. Upon information and belief, at all relevant times herein, Defendant Chenie Yerushalmi ("Chenie") has been a domiciliary of the State of New York, residing at 186 West 80th Street, New York, New York, is the son of Malka and the Debtor, and the brother of Defendant Hadar Yerushalmi.

## Factual Allegations

8. From in or about 1987 to March 31, 1995, the Debtor was a partner in the law firm of Yerushalmi, Shiboleth, Yisraeli & Roberts ("YSYR") a New York Limited Liability Partnership engaged in the practice of law.

9. On or about March 31, 1995, YSYR's partners terminated their relationship and established separate law practices.

10. During the course of the "winding up" of the business affairs of YSYR, the partners concluded that prior to the termination of YSYR, the Debtor engaged in activities resulting in the diversion to himself of fees and disbursements owed to YSYR.

11. On or about April 10, 1998, Shiboleth, individually and on behalf of YSYR, commenced an action in the New York State Supreme Court, County of New York, asserting claims for conversion and diversion of funds and seeking, *inter alia*, an accounting for YSYR ("Accounting Action").

12. Upon information and belief, on or about November 21, 2000, while the Accounting Action was pending, Malka and Hadar acquired ownership, as joint tenants with rights of survivorship, to a condominium located at 19-21 Warren Street, New York, New York ("Warren Street Property") for the approximate sum of $795,000.00.

13. Upon information and belief, the Debtor provided all of the funds for the purchase of the Warren Street Property from the Debtor's personal and/or business assets ("Warren Street Funds Transfer").

14. Upon information and belief, the Warren Street Funds Transfer was made for no consideration.

15. Upon information and belief, since in or about July 2001, Hadar has been leasing the Warren Street Property to third party tenants and has collected all of the rent money resulting therefrom ("Hadar Rent") without remitting any of the rent money to the Debtor.

16. Upon information and belief, in or about January 2001, Malka and Chenie acquired ownership, as joint tenants with rights of survivorship, to condominium unit 11C located at 186 West 80th Street, New York, New York ("80th Street Property") for the approximate sum of $439,000.00.

17. Upon information and belief, all of the funds for the 80th Street Purchase price were provided by the Debtor from the Debtor's personal and/or business related assets ("80th Street Funds Transfer").

18. Upon information and belief, the Debtor paid all of the common charges and maintenance for the 80th Street Property until in or about 2003.

19. Upon information and belief, neither Malka nor Chenie ever resided in Unit 11C of the 80th Street Property.

20. Upon information and belief, since in or about July 2001, Chenie has been leasing the 80th Street Property to third party tenants and has collected all of the rent money resulting therefrom ("Chenie Rent") without remitting any of the rent money to the Debtor.

21. Upon information and belief, the Warren Street Funds Transfer, the 80th Street Funds Transfer, the Hadar Rent and the Chenie Rent have diminished the assets of the Debtor's Estate.

22. By Judgment dated February 16, 2007 and entered with the New York County Clerk's Office on March 7, 2007, the Debtor and Yerushalmi & Associates LLP ("Y&A") were found jointly and severally liable to Shiboleth and YSYR, for the benefit of the third-party creditors of YSYR and for the benefit of Shiboleth as partner of YSYR, in the total sum of $2,036,272.09, plus interest from March 7, 2007.

23. The Judgment further found the Debtor liable to Shiboleth and YSYR, for the benefit of third-party creditors of YSYR and for the benefit of Shiboleth as partner of YSYR, in the additional sum of $1,503,773.82, plus interest from March 7, 2007.

24. The Judgment further found that "in addition to the above-referenced judgment amounts," plaintiff Shiboleth and plaintiff YSYR, for the benefit of the third-party creditors of YSYR and for the benefit of Shiboleth as a partner of YSYR, "are entitled to all sums held in that certain escrow account maintained at HSBC Bank, account number 001-60171-7, which was established in accordance with the Order of this Court entered March 3, 1998 (Gammerman, J.), together will all interest thereon."

25. Upon information and belief, on July 25, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, which was thereafter converted to Chapter 7.

26. By Order of the Supreme Court of the State of New York, Appellate Division, First Department, dated January 6, 2009, the portions of the Judgment relating to the monetary awards in the sum of 2,036,272.09 and $1,503,773.82, respectively, were vacated and remanded to the New York State Supreme Court for further proceedings.

27. The portion of the Judgment relating to Shiboleth's and YSYR's entitlement to the Escrow Funds, which totaled approximately $1,200,000.00 as of the date of the Judgment, was undisturbed.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**(Debtor and Creditor Law § 273-a)**

28. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" of this Complaint as if more fully set forth at length herein.

29. Upon information and belief, the Warren Street Funds Transfer was made without fair consideration.

30. At the time of the Warren Street Funds Transfer, the Debtor was a defendant in the Accounting Action.

31. No portion of the monetary awards reflected in the Judgment have been collected.

32. Upon information and belief, on the date that the Debtor filed his Petition, there were actual existing unsecured creditors holding claims allowable under 11 U.S.C. § 502 that are allowable under 11 U.S.C. § 502(e), who could have avoided the Warren Street Funds Transfer under New York Debtor and Creditor Law §273-a, including but not limited to Shiboleth and YSYR.

33. By virtue of the foregoing, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 270 et seq. finding that the Warren Street Funds Transfer was a fraudulent conveyance, setting aside the Warren

34. Transfer pursuant to 11 U.S.C. § 544 (b) and § 550(a) and awarding the Plaintiff damages against Hadar and Malka, jointly and severally, in the sum of not less than $795,000.00, plus interest thereon.

## AS AND FOR A SECOND CLAIM FOR RELIEF
**(Debtor and Creditor Law § 273-a)**

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" of this Complaint as if more fully set forth at length herein.

36. Upon information and belief, the 80th Street Funds Transfer was made without fair consideration.

37. At the time of the 80th Street Funds Transfer, the Debtor was a defendant in the Accounting Action.

38. No portion of the monetary awards reflected in the Judgment have been collected.

39. Upon information and belief, on the date that the Debtor filed his Petition, there were actual existing unsecured creditors holding claims allowable under 11 U.S.C. § 502 that are allowable under 11 U.S.C. § 502(e), who could have avoided the 80th Street Funds Transfer under New York Debtor and Creditor Law §273-a, including but not limited to Shibboleth and YSYR.

40. By virtue of the foregoing, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 270 et seq. finding that the 80th Street Funds Transfer was a fraudulent conveyance, setting aside the 80th Street Funds Transfer pursuant to 11 U.S.C. § 544 (b) and § 550(a) and awarding the Plaintiff damages against Chenie and Malka, jointly and severally, in the sum of not less than $439,000.00, plus interest thereon.

**AS AND FOR A THIRD CLAIM FOR RELIEF**
**(11 U.S.C. §§ 541 and 542)**

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "40" of this Complaint as if more fully set forth at length herein.

42. By virtue of the foregoing, any Hadar Rent and Chenie Rent that has been collected after the Petition Date constitutes property of the Estate.

43. By virtue of the foregoing, Plaintiff is entitled to judgment pursuant to 11 U.S.C. §§ 541 and 542 declaring that the Debtor is the constructive owner of the Warren Street Property and the 80th Street Property and that any Hadar Rent and Chenie Rent that has been collected after the Petition Date constitutes property of the Estate, and directing Hadar and Chenie to turnover property of the Estate in an amount to be determined at trial, plus interest thereon.

WHEREFORE, Marc A. Pergament, Plaintiff-Trustee respectfully requests that this Court enter judgment against Defendants Malka Yerushalmi, Hadar Yerushalmi and Chenie Yerushalmi as follows:

a. on the first claim for relief, the Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 273-a, finding that the Warren Street Transfer was a fraudulent conveyance and consequently setting aside the Transfer pursuant to 11 U.S.C. § 544(b) and § 550(a) and awarding the Plaintiff damages against Malka and Hadar in the sum of $795,000.00, plus interest thereon;

b. on the second claim for relief, the Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 273-a, finding that the 80th Street Transfer was a fraudulent conveyance and consequently setting aside the Transfer pursuant to 11 U.S.C. § 544(b)

and § 550(a) and awarding the Plaintiff damages against Malka and Chenie in the sum of $439,000.00, plus interest thereon;

c. on the third claim for relief, the Plaintiff is entitled to judgment pursuant to 11 U.S.C. §§ 541 and 542, declaring that the Debtor is the constructive owner of Warren Street Property and that the Hadar Rent and Chenie Rent collected after the Petition Date constitutes property of the Estate, and directing Hadar and Chenie to turnover property of the Estate in an amount to be determined at trial, plus interest thereon.

c. plus the costs and disbursements of this action; and

d. such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
July 24, 2009

Weinberg, Gross & Pergament LLP
Attorneys for Plaintiff-Trustee

By: ______________________________
Marc A. Pergament (MP-6183)
400 Garden City Plaza, Suite 403
Garden City, New York 11530
(516) 877-2424