UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In Re:                                              Chapter 7

Joseph Yerushalmi,                                  Case No. 807-72816-478

       Debtor.                                   <u>Order</u>

-------------------------------------------------------------X

       WHEREAS, the Trustee having applied for an Order:

      a.    pursuant to Sections 363(b), (f) and (m) of the United States Bankruptcy Code authorizing the Trustee to sell his right, title and interest in 288 shares of Netline Communications Technologies (NCT) Ltd. ("Netline"), an entity organized under the laws of the State of Israel, which the above-captioned Debtor owned through an entity known as Enjoy Capital, LLC, to King Capital, Inc., for the sum of $90,000.00, free and clear of all claims, liens and encumbrances, with such claims, liens and encumbrances to attach to the proceeds, subject to higher and better offers and a right of first refusal under the Articles of Association of Netline;

      b.    authorizing the Trustee to execute all documents necessary to effectuate the sale of his interest in Netline and as more fully set forth in the Asset Sale and Purchase Agreement dated February 4, 2014 a copy of which was annexed to the Affirmation of Marc A. Pergament dated February 5, 2014;

      c.      pursuant to 11 U.S.C. § 105(a) directing the Debtor to execute all documents required to effectuate the transfer of 288 shares of Netline from Enjoy Capital, LLC to the Trustee or in the alternative, authorizing the Trustee to execute such documents; and

      d.      such other and further relief as this Court deems just and proper ("Motion");

and the Notice of Hearing having been served upon all creditors and parties in interest, and the Notice of Hearing, Affirmation in Support and proposed order having been served upon the Office of the United States Trustee, Debtor's counsel, the Debtor, counsel to the purchaser and all parties who filed notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure,

WHEREAS, a hearing having been conducted before the Honorable Dorothy Eisenberg, United States Bankruptcy Judge, United States Bankruptcy Court, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Room 760, Central Islip, New York on March 11, 2014 and the Trustee appeared by Weinberg, Gross & Pergament LLP by Marc A. Pergament, Esq., and after due deliberation and consideration, and on the record before the Court, it is hereby

ORDERED, that

1.      The Trustee's motion is granted to the extent set forth below and he is authorized to enter into and to sell the Assets enumerated in the Asset Sale and Purchase Agreement to King Capital, Inc. ("Purchaser") for the sum of $90,000.00, free and clear of all claims, liens and Encumbrances (defined in paragraph 4, below), with all Encumbrances to attach to the proceeds of the sale in the order of their priority.

2.      Prior to closing of the transaction contemplated by the Asset Sale Agreement the Trustee shall comply with Paragraph 19 of the Articles of Organization of

Netline. The Trustee is authorized to sell the assets, *pro rata*, to the existing shareholders of Netline. In the event that any shares are not purchased by the existing shareholders, the Trustee shall seek approval from Netline's Board of Directors to sell the remaining shares, if any, to King Capital, Inc.

3. The Trustee is authorized to execute all documents necessary to effectuate the sale of the Assets, including documents on behalf of Enjoy Capital, LLC.

4. All persons and entities holding or asserting any and all liens, encumbrances, claims or interests, whether or not allowable, charges or other interests in or with respect to the Assets, including, but not limited to any tax obligations (collectively, "Encumbrances") are forever barred from asserting such Encumbrances against the Assets.

5. The Purchaser is a "good faith" purchaser, for value, of the Assets and is entitled to rely upon the protections of Section 363(m) of the Bankruptcy Code.

6. This Court retains jurisdiction: (i) to enforce and implement the terms and provisions of the Asset Sale and Purchase Agreement; (ii) to resolve any disputes arising under or related to the Asset Sale and Purchase Agreement except as otherwise provided therein, and (iii) to interpret, implement and enforce the provisions of this Order.

7. Notwithstanding the provisions of Rule 7062 of the Federal Rules of Bankruptcy Procedure, this Order shall be effective and enforceable immediately upon entry.

8. The Debtor is hereby directed to immediately execute all documents required to effectuate the transfer of 288 shares of Netline from Enjoy Capital, LLC to the Trustee.