UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re

Joseph Yerushalmi,

                   Debtor.

--------------------------------------------------------x

Case No.: 8-07-72816-las

Chapter 7

## MEMORANDUM DECISION AND ORDER

### Introduction

The United States of America, on behalf of the Internal Revenue Service ("IRS"), moved pursuant to 11 U.S.C. § 362(d)(1) for entry of an order vacating the automatic stay imposed in this chapter 7 case under 11 U.S.C. § 362(a)[1] to permit the IRS to commence proceedings in the United States Tax Court ("Tax Court") to fix the amount of the debtor's alleged income tax liability for tax years 1999 and 2000 [dkt. no. 234]. Debtor opposed that motion [dkt. no. 238]. The Court heard oral argument on the motion and entered a conditional order ("Conditional Order") [dkt. no. 240] granting the IRS relief from the automatic stay. In sum, the Conditional Order allowed the IRS to litigate the debtor's alleged income tax liability before the Tax Court unless debtor filed a complaint against the IRS in this Court or otherwise challenged the IRS' proofs of claim within 30 days of the entry of the Conditional Order. In accordance with the Conditional Order, debtor timely filed an objection to claim numbers 2, 10 and 17 filed by the IRS ("Claims Objection") [dkt. no. 241].

In response to the Claims Objection, the United States moved for the entry of an order (i) dismissing the Claims Objection or, in the alternative, (ii) (a) modifying the Conditional Order to remove the provision allowing debtor to commence an adversary proceeding in this

---

[1] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will hereinafter be referred to as "§ (section number)".

Court against the IRS or otherwise challenge the IRS' proofs of claim within 30 days of entry of the Conditional Order, (b) abstaining from hearing the tax dispute in this Court, and (c) vacating the automatic stay imposed under § 362(a) to permit the running of the statutory 150-day period ("150-day Period") under section 6213(f)(1) of the United States Internal Revenue Code of 1986, as amended, 26 U.S.C. § 1 et seq. ("IRC")[2], during which debtor may petition the Tax Court for a redetermination of the IRS' proposed assessment of debtor's alleged income tax liability ("Motion to Dismiss Claims Objection") [dkt. no. 244]. Debtor opposed that motion [dkt. no. 247], and the United States replied [dkt. no. 249]. Shortly after the filing of the Motion to Dismiss Claims Objection, the chapter 7 trustee sought approval of a stipulation between the trustee, on behalf of the debtor's bankruptcy estate, and the IRS vacating the automatic stay to permit debtor's alleged income tax liability to be determined in the Tax Court [dkt. no. 246]. Debtor opposed the stipulation [dkt. no. 250]. The trustee subsequently withdrew his application seeking approval of the stipulation.

In addition to the Motion to Dismiss Claims Objection, the United States separately moved for entry of an order vacating the automatic stay for cause under § 362(d)(1) to allow the running of the 150-day Period whether or not this Court abstains from hearing the tax dispute or decides to hear and determine the tax liability at issue ("Third Stay Relief Motion") [dkt. no. 253]. Debtor also opposed that motion [dkt. no. 254].

Thereafter, the trustee filed a motion objecting to proofs of claim 2, 10 and 17 filed by the IRS [dkt. 304] and moved for approval of a stipulation between the bankruptcy estate and the IRS settling the trustee's claims objection [dkt. no. 318]. The settlement stipulation provided, *inter alia*, for the withdrawal of the trustee's claims objection, and the joinder by the trustee in the United States' motion for relief from the automatic stay to permit the

---

[2] All statutory references to the Internal Revenue Code will be hereinafter be referred to as "IRC § (section number)".

running of the 150-day Period. Debtor opposed the trustee's motion to approve the settlement stipulation [dkt. no. 325] and the trustee replied [dkt. nos. 326, 328], as did the United States [dkt no. 327]. After consideration of the parties' submissions, the Court entered an order authorizing the trustee to enter into the settlement stipulation with the IRS [dkt. no. 330].

Currently pending before the Court are the United States' motion to dismiss debtor's objection to the IRS' proof of claim and its motion for relief from the automatic stay to allow commencement of the 150-day Period. The Court heard oral argument over several days and the parties submitted supplemental papers on issues raised at oral argument. The Court has considered carefully all of the arguments and submissions made by the parties in connection with the motions. For the following reasons, the Motion to Dismiss Claims Objection is denied in part and granted in part, and the Third Stay Relief Motion is denied as moot.

## Jurisdiction

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012, effective *nunc pro tunc* as of June 23, 2011. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (G), and (O) in which final orders or judgment may be entered by this Court pursuant to 28 U.S.C. § 157(b)(1).

## Background and Procedural History[3]

### a.  Bankruptcy Filing by Debtor and Yerushalmi & Associates LLP

Debtor, a tax attorney in his late seventies, held a 99% interest in the law firm of Yerushalmi & Associates ("Y&A"). Debtor and Y&A each filed a petition under chapter 11 of

---

[3] Familiarity with the facts of this long-running bankruptcy case is presumed. Accordingly, the Court recites only those facts that are pertinent to the resolution of the pending motions. Unless otherwise noted, the relevant facts are undisputed.

the Bankruptcy Code on July 25, 2007. Debtor's chapter 11 case was converted to a chapter 7 case on October 2, 2007 [dkt. no. 63] and Marc A. Pergament was appointed the chapter 7 trustee of the debtor's bankruptcy estate [dkt. no. 65]. Y&A's chapter 11 case was converted to a chapter 7 case on October 2, 2007 and was closed on May 16, 2017. *See* bankruptcy case no. 8-07-72817, dkt. nos. 65, 179.

    b. IRS Proofs of Claim

On August 23, 2007, the IRS filed a proof of claim in the amount of $16,650 for income taxes owed for the period ending March 31, 2007 ("Claim No. 2"). Claim No. 2 asserts an unsecured priority tax claim under § 507(a)(8) in the amount of $15,000, plus prepetition interest of $1,550, for a total sum of $16,550, and a general unsecured claim of $100 for penalties, including interest thereon.

On November 28, 2007, the IRS filed an amended proof of claim in the amount of $1,425,536.47 ("Claim No. 10"). Claim No. 10 asserted an unsecured priority tax claim under § 507(a)(8) in the amount of $1,286,434.27, and a general unsecured claim of $139,102.20 for penalties and interest. In addition to the $16,500 asserted in Claim No. 2, Claim No. 10 included (1) a tax assessment for the tax period ending March 31, 1999 in the amount of $587,196, plus prepetition interest of $498,076.76, for a total of $1,085,272.76 and (2) a tax assessment for the tax period ending March 31, 2000 in the amount of $107,815, plus prepetition interest of $76,796.51, for a total of $184,611.51.

On October 4, 2008, the IRS filed an amended proof of claim in the amount of $1,459,673.32 ("Claim No. 17"). Claim No. 17, now the operative claim asserted by the IRS, is based on an unsecured priority tax claim under § 507(a)(8) in the sum of $1,319,993.30, and a general unsecured claim of $139,740.02. Under Claim No. 17, the assessments with respect to the 1999 and 2000 tax years remain the same but the taxes due with respect to the

2007 tax year increased from $15,000 to $49,188.25, and the prepetition interest decreased from $1,500 to $860.78.

    c.   Statutory Notice of Deficiency and Malka Yerushalmi's Tax Proceeding

On December 7, 2007, the IRS issued a statutory notice of deficiency to debtor and his estranged wife, Malka Yerushalmi ("Malka"), for tax years 1999 and 2000 ("Statutory Notice of Deficiency"). In question are certain net operating losses claimed by debtor and Malka in their joint tax returns with respect to debtor's law practice at Y&A. The net operating losses allegedly arose out of a theft by a family friend who had access to debtor's office space at Y&A and debtor's records and financial information even though the friend was not an employee of debtor or Y&A.

Pursuant to IRC § 6213, a taxpayer has 90 days after the IRS mails a statutory notice of deficiency to file a petition with the Tax Court for a redetermination of the deficiency (the "90-day Period"). 26 U.S.C. § 6213(a). By statute, no assessment of a deficiency and no levy or proceeding to collect upon the deficiency shall be instituted or prosecuted until the statutory notice of deficiency has been mailed and the 90-day Period has expired. 26 U.S.C. § 6213(a). If a petition is filed by the taxpayer with the Tax Court within the 90-day Period, then no assessment of a deficiency and no levy or proceeding can be instituted until the Tax Court's decision becomes final. *Id.*

The 90-day Period was affected by the commencement of debtor's bankruptcy case as the filing of a bankruptcy petition triggers the automatic stay under § 362(a). Relevant here is § 362(a)(8) which enjoins:

> the commencement or continuation of a proceeding before the United States Tax Court . . . concerning a tax liability of a debtor that is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C. § 362(a)(8). Because it is only the taxpayer who may petition the Tax Court for a redetermination of a deficiency assessment under IRC § 6213(a), § 362(a)(8) essentially bars an individual debtor from commencing a proceeding before the Tax Court to determine a prepetition tax liability until the automatic stay is no longer in place under § 362(c)(2)[4] or the stay is lifted under § 362(d).[5] As a result of the automatic stay, Congress not only tolled the number of days left within the 90-day Period at the time of the bankruptcy filing but also extended the time for a debtor to petition the Tax Court by an additional 60 days after the automatic stay ends, so as to give a debtor additional time to decide whether to contest the statutory notice of deficiency by filing a petition with the Tax Court. 26 U.S.C. § 6213(f)(1).[6] Thus, where a statutory notice of deficiency is issued during the pendency of a bankruptcy case, as in the case before this Court, a debtor-taxpayer will have a maximum of 150 days, i.e., the 150-day Period, after the automatic stay has been modified or terminated to petition the Tax Court for a redetermination of a deficiency before any assessment, levy or collection by the IRS may be made.

---

[4] Section 362(c)(2) provides that the automatic stay continues until the earliest of the closing of the case, the dismissal of the case, or, with respect to an individual chapter 7 debtor, the time a discharge is granted or denied. 11 U.S.C. § 362(c)(2).

[5] A pre-BAPCPA case has held that the automatic stay under § 362 is designed to protect the debtor and provide the debtor with relief from the pressure and harassment by creditors attempting to collect a debt but a debtor's decision to proceed in the Tax Court rather than before the Bankruptcy Court is not covered by the stay under § 362(a)(8). *Thompson v. United States (In re Thompson)*, 241 B.R. 920, 921 (Bankr. S.D. Ga. 1999). However, given that only a debtor-taxpayer can file a petition to commence a proceeding before the Tax Court, arguably § 362(a)(8) would also stay the debtor from filing a petition with the Tax Court.

[6] IRC § 6213(f)(1) provides as follows:

> (f) Coordination with Title 11. –
> (1) Suspension of running of period for filing petition in Title 11 cases. – In any case under Title 11 of the United States Code, the running of the time prescribed by subsection (a) for filing a petition in the Tax Court with respect to any deficiency shall be suspended for the period during which the debtor is prohibited by reason of such case from filing a petition in the Tax Court with respect to such deficiency, and for 60 days thereafter.

Since debtor's bankruptcy filing, the IRS has been stayed from taking any action outside this Court to levy or collect on the taxes allegedly owed by debtor. The bankruptcy case has not been dismissed or closed and as a result of an accounting action between the debtor and his former law partner pending in New York state court, no determination has been made regarding whether debtor is entitled to a discharge[7]. In addition, because debtor has not sought relief from the automatic stay to petition the Tax Court for a redetermination of the tax assessments made by the IRS, the time for debtor to petition the Tax Court in response to the Statutory Notice of Deficiency has yet to run.

Malka, against whom the Statutory Notice of Deficiency was also issued for the same tax debt allegedly owed by debtor, did not file for bankruptcy relief. Therefore, the 90-day Period was not tolled vis-a-vis Malka. On March 4, 2008, within the requisite 90-day Period, Malka commenced an action in Tax Court, *Malka Yerushalmi, Petitioner v. Commissioner of Internal Revenue, Respondent.*, No. 5520-08 ("Malka Tax Proceeding"). In that action, Malka seeks innocent spouse relief pursuant to IRC § 6015 claiming that assessments for the tax years 1999 and 2000 relate mainly to debtor's deductions for net operating losses arising from his law practice. Shortly thereafter, debtor filed a Notice of Intervention in the Malka Tax Proceeding arguing that the automatic stay was in effect by reason of his bankruptcy filing. The Tax Court amended the caption in the Malka Tax Proceeding to read "*Malka Yerushalmi, Petitioner, and Joseph Yerushalmi, Intervenor v. Commissioner of Internal Revenue, Respondent.*"

---

[7] An adversary proceeding commenced by debtor's former law partner (Amnon Shiboleth) and his former law firm objecting to debtor's discharge under § 727 and dischargeability of debt under § 523 has been held in abeyance pending the outcome of the accounting action. *See* Adv. Pro. No. 8-08-8037. Counsel for debtor and counsel for debtor's former law partner and former law firm have each filed multiple letters reporting on the status of the accounting action.

On January 26, 2009, Malka and the United States moved in Tax Court to continue the Malka Tax Proceeding asserting that the Tax Court should first determine the amount of the deficiency, if any, before addressing the issue of Malka's eligibility for innocent spouse relief. The Tax Court agreed and granted the motion on January 20, 2009. Despite this ruling, the Tax Court could not proceed with a determination of the alleged deficiency because debtor did not file a petition with the Tax Court for a redetermination of the IRS assessment; he just moved to intervene.

From time to time during 2009 and 2010, Malka and the United States renewed their motion to continue the Malka Tax Proceeding. Each time, debtor opposed asserting that while he disagrees with the calculations in the Statutory Notice of Deficiency, he is precluded by the automatic stay under § 362(a)(8) from challenging those assessments in Tax Court. Although debtor could have sought relief from the automatic stay to petition the Tax Court, he did not do so. Since 2010, debtor has provided the Tax Court with periodic updates on his bankruptcy case claiming that he did not foresee it ending any time soon. Thus, because debtor has been steadfast in his refusal to seek stay relief in this Court and petition the Tax Court for a redetermination of the challenged assessments, the Malka Tax Proceeding has been brought to a halt.

d.  The United States' First Stay Relief Motion

Given inaction on debtor's part to seek relief from stay, the United States, acting on behalf of the IRS, moved for stay relief under § 362(d)(1) to permit the IRS to determine debtor's income tax liability for tax years 1999 and 2000 in Tax Court and for the Malka Tax Proceeding to continue (the "First Stay Relief Motion") [dkt. no. 210]. Debtor opposed that motion [dkt. no. 214]. In his opposition, debtor asserted that a tax audit by the IRS was pending at the time of his bankruptcy filing, and that he and the IRS were attempting to reach agreement on the outstanding issues before the case would be scheduled for an IRS

administrative appeal. While debtor did not oppose the lifting of the stay to allow the transfer of the audit to the IRS administrative appeal, he did take exception to having his alleged income tax liability determined by the Tax Court. The debtor made clear that this Court was the preferred choice to resolve his income tax liability. As for the United States' request to continue the Malka Tax Proceeding, debtor was not opposed to continuing that proceeding because he claimed that Malka only requested innocent spouse relief and not redetermination of the tax deficiencies and penalties set forth in the Statutory Notice of Deficiency, nor did she raise any defense to the substance of the Statutory Notice of Deficiency. From the debtor's viewpoint, the continuance of the Malka Tax Proceeding itself would not determine debtor's own tax liability.

At the hearing on the First Stay Relief Motion, debtor and the United States informed the Court that the motion was resolved and they subsequently submitted a stipulation (the "Stay Relief Stipulation") agreeing that "the automatic stay pursuant to § 362(d) should be lifted for purposes of permitting the continuation of the Tax Court proceedings in Docket No. 5520-08". The Court approved the Stay Relief Stipulation [dkt. no. 217]. However, because Docket No. 5520-08 relates only to the Malka Tax Proceeding, the Stay Relief Stipulation did not modify the automatic stay to allow debtor to petition the Tax Court for a determination of his tax liability. In sum, the Stay Relief Stipulation did not affect the Malka Tax Proceeding because the Tax Court was not, in the first instance, prohibited from proceeding on Malka's innocent spouse defense.

e.  The United States' Second Stay Relief Motion

Because the Stay Relief Stipulation did not permit the IRS to proceed in Tax Court for a determination of debtor's income tax liability, the United States, acting on behalf of the IRS, filed a second motion seeking stay relief for cause to permit debtor to petition the Tax Court to allow for a determination in that forum of both his and Malka's income tax liability

for tax years 1999 and 2000 (the "Second Stay Relief Motion") [dkt. no. 234]. In so moving, the United States anticipates that if debtor petitions the Tax Court, then debtor's tax case and the Malka the Tax Proceeding will be consolidated for trial. In the motion, the United States argued that even though this Court has jurisdiction under § 505 to determine debtor's federal income tax liability for the tax years 1999 and 2000, this Court should abstain (i) in the interest of judicial economy and avoidance of inconsistent rulings by this Court and the Tax Court, and (ii) because of the Tax Court's expertise in the handling the complex tax laws at issue.

Debtor filed opposition to the Second Stay Relief Motion [dkt. no. 238] asserting that the motion was filed in violation, and in contravention, of the Stay Relief Stipulation which settled the United States' First Stay Relief Motion and limited stay relief only to the Malka Tax Proceeding. Debtor also claimed that if the tax dispute were litigated in this Court, he is confident that he will rebut the *prima facie* validity of the IRS' proof of claim and, in debtor's view, the burden would then shift to the United States to prove that debtor's loss deductions were improper. He contrasts this shifting burden of proof with what he perceives would be the allocation of the burden of proof in Tax Court. Debtor asserts that in Tax Court he bears the burden of proof as to the validity of his claimed loss deductions.

The Court heard oral argument on the Second Stay Relief Motion and, after careful consideration of the parties' submissions, determined that debtor cannot hide behind the automatic stay and refuse to address his alleged prepetition income tax liability while the bankruptcy case lingers. Accordingly, the Court entered the Conditional Order granting the United States' Second Stay Relief Motion. As noted above, in sum, the Conditional Order allowed the IRS to commence proceedings before the Tax Court unless debtor filed a complaint against the IRS in this Court or otherwise challenged the IRS' proof of claim within

30 days of the entry of the Conditional Order. Debtor timely filed his objection to the IRS'
proof of claim. *See* Claims Objection [dkt. no. 241].

      f.   The United States' Motion to Dismiss Claims Objection

The United States, acting on behalf of the IRS, moved to dismiss the claims objection
[dkt. nos. 244, 245]. In its motion, the United States asserts that only the chapter 7 trustee
has the requisite standing to object to claims in the absence of any surplus in estate funds
that would be distributed to debtor by reason of a successful objection to the IRS' proof of
claim. In the alternative, the United States argues that this Court should (i) abstain from
determining debtor's income tax liability in favor of the Tax Court, (ii) remove the provision
in the Conditional Order that allowed debtor to file the Claims Objection, and (iii) lift the
automatic stay to allow the clock to run on the 150-day Period.

Debtor filed opposition to the Motion to Dismiss Claims Objection [dkt. no. 247]
arguing that both the "so ordered" Stay Relief Stipulation that settled the First Stay Relief
Motion and the Conditional Order are final orders which the United States failed to appeal
or move to reconsider on a timely basis. Debtor also points to the express language of the
Conditional Order and contends that by allowing him to otherwise challenge the IRS' proof
of claim, this Court tacitly found that it has jurisdiction over his tax liability. As to the issue
of standing to file objections to claims in a chapter 7 bankruptcy case, debtor argues that
because the trustee failed to object to proofs of claim he has abandoned the right to object to
any proofs of claim[8]. In addition, debtor asserts he has standing to object to proofs of claim
under § 502 because (1) the bankruptcy estate will likely have a surplus once certain claims
are disallowed or reduced and (2) the IRS tax claim may be nondischargeable. Debtor further

---

[8] As noted above, the trustee subsequently filed various objections to proofs of claim, including the IRS' proof of
claim, and reached a settlement with the IRS whereby he agreed to withdraw his objection to the IRS' proof of
claim and join the United States' motion to lift the stay with respect to the 150-day Period and for this Court to
abstain from determining the tax dispute. The settlement agreement was approved by the Court. [dkt. no. 318].

contends that the IRS has not yet completed its audit and that he is entitled to a refund. Last, but not least, debtor argues that this Court should not abstain because the Tax Court would, allegedly, be biased in favor of the IRS, and a determination by this Court of the purported tax liability would be faster.

The United States replied [dkt. no. 249] arguing that, at minimum, the automatic stay should be modified to permit the 150-day Period to run. By allowing the 150-day Period to run, the IRS can make a final assessment of the taxes even if debtor chooses not to proceed in Tax Court. Although § 362(b)(9)(D) permits a governmental agency to continue making assessments notwithstanding the imposition of the automatic stay, IRC § 6213 prohibits an assessment until the taxpayer has an opportunity to petition the Tax Court. While debtor insists that the stay be lifted only to permit him to continue with an administrative appeal before the IRS, the United States explains that this option is not possible without first submitting to the jurisdiction of the Tax Court. The United States claims that if debtor does not intend to file a petition with the Tax Court, then the 150-day Period should be allowed to run because there is no reason to continue to hold the IRS's final assessment at bay, and the IRS will still be enjoined from any collection activity absent a further modification of the automatic stay by this Court.

The United States also disputes that it conceded to having this Court determine debtor's tax liability when it entered into the Stay Relief Stipulation resolving the First Stay Relief Motion. It always has been the intention of the United States that the tax dispute be heard by the Tax Court. The United States admits that it was mistaken when it thought that the lifting of the stay to continue the Malka Tax Proceeding would also permit the IRS to determine debtor's tax liability for the tax years 1999 and 2000. The United States argues that while the Court may have exclusive jurisdiction over its own orders, the Court does not have exclusive jurisdiction over the outstanding tax issues, and the Stay Relief Stipulation

does not preclude the Court from abstaining in favor of the Tax Court. Moreover, the United States argues that parties cannot, on their own, confer jurisdiction onto a court by agreement.

As to debtor's argument on standing to object to claims, the United States asserts that it is unlikely that the estate will have a surplus given the amount of the claims filed in this bankruptcy case and the judgment entered in New York state court against debtor and in favor of his former law partner. As to debtor's claim of nondischargeability as an alternative basis for standing, the United States contends that certain courts have abstained from determining the amount of a nondischargeable debt where no bankruptcy purpose is served by such litigation. This is especially so, the United States argues, where there will be no surplus funds available for distribution to a chapter 7 debtor. Otherwise, a debtor would be able to engage in forum shopping simply because he or she prefers to litigate tax disputes in the Bankruptcy Court rather than in the Tax Court, the United States District Court, or the Court of Federal Claims, which the United States contends, also have jurisdiction to hear and determine tax disputes.

g.  The United States' Third Stay Relief Motion and Supplemental Briefs

While the Claims Objection and the Motion to Dismiss Claims Objection were pending, the United States, acting on behalf of the IRS, filed the Third Stay Relief Motion [dkt. no. 253] again seeking relief from stay, for cause, to permit the 150-day Period to run regardless of whether debtor wishes to avail himself of the Tax Court's jurisdiction and whether this Court exercises jurisdiction over debtor's objection to the allowance of the IRS' proof of claim. Although the United States requested the very same stay relief in its Motion to Dismiss Claims Objection, it nevertheless filed the Third Stay Relief Motion in the event this Court required that a request for stay relief be made by separate motion. In response, debtor filed a letter with the Court [dkt. no. 254] objecting to the Third Stay Relief Motion as an improper fourth attempt by the United States to seek stay relief, and demanded that the

United States withdraw the Third Stay Relief Motion or debtor would seek the imposition of sanctions.  In his letter, debtor also reiterated the arguments raised in his opposition to the Motion to Dismiss Claims Objection. Meanwhile, the trustee filed a statement [dkt. no. 255] indicating that he does not oppose the stay relief requested by the United States.

After hearing the arguments of counsel, the Court determined that a further hearing on the Motion to Dismiss Claims Objection and the Third Stay Relief Motion was necessary to consider whether (1) debtor has standing to object to the IRS' proof of claim and (2) the Court should abstain from hearing and determining the tax dispute, and lift the automatic stay for the limited purpose of permitting  debtor to petition the Tax Court, i.e., allowing the 150-day Period to commence. The Court also directed the parties to file supplemental papers on issues raised at the hearing.

In its supplemental brief [dkt. no. 274], the United States reiterated many of the same arguments it previously raised in its reply to debtor's opposition to the Motion to Dismiss Claims Objection, including the abstention argument. In his supplemental brief [dkt.no. 284], debtor likewise repeated arguments he previously raised in his opposition to the Motion to Dismiss Claims Objection and in his opposition to the Third Stay Relief Motion regarding, among other things, the finality of both the Stay Relief Stipulation and the Conditional Order, the jurisdiction of this Court to hear and determine the tax dispute, debtor's standing, and why this Court should not abstain.

Following submission of the supplemental papers, the Court held a hearing to consider the parties' arguments on standing, abstention and the United States' motion to lift the stay. At that hearing, the United States advised that an appeal was pending before the Court of Appeals for the Second Circuit in *In re Drake*, Case No. 15-0013, in which the United States took the position that the nondischargeability of a tax debt does not give a chapter 7 individual debtor standing to challenge the IRS' proof of claim. The Court provided debtor an

opportunity to review the papers submitted in the *Drake* appeal and asked the parties to submit additional papers on the issue.

The United States submitted its post-hearing brief [dkt. no. 293] which in the main argues that a debtor's interest in reducing nondischargeable liabilities is insufficient to confer standing on a debtor to object to claims in his or her bankruptcy case. As to debtor's argument that standing is conferred by reason of an anticipated surplus of funds in the estate after payment in full of all creditor claims, the United States contends that resolution of the trustee's objections to various claims may take a substantial amount of time, and therefore, this Court should abstain and lift the stay to allow debtor to petition the Tax Court if he wants to challenge the IRS' proof of claim. If debtor is not going to petition the Tax Court, the United States argues that it is highly prejudicial to continue to stay the running of the 150-day Period. The United States also contends that the burden of proof on the issue of whether the claimed deductions were properly taken by debtor rests with debtor regardless of which court determines the tax dispute. In other words, the United States contends it is the responsibility of debtor as taxpayer to establish that the deductions taken on his and Malka's joint tax returns were proper. Additionally, the United States notes that the cost of filing a petition with the Tax Court is not substantial and therefore, it is not costlier for the debtor to pursue the tax dispute in Tax Court rather than before this Court.

Debtor filed supplemental papers [dkt. no. 306] where he yet again argues that he has standing to object to the IRS proof of claim because the claim is based on a nondischargeable debt. Debtor further argues that the facts and circumstances of this case do not warrant abstention. Additional supplemental papers were thereafter filed by the parties [dkt. nos. 308, 312, 320, 323, 325, 326, 327, 328, 329, 331, 332]. Further, as noted above, both debtor's counsel and counsel for debtor's former law partner and his former law firm continue to file

letters with this Court as to the status of the state court accounting action, the most recent of which was filed by debtor on December 5, 2018 [dkt. no. 342].

h.  The Debtor's Health

In addition to filing additional pleadings on the various issues raised by the parties, debtor's counsel submitted a letter advising the Court that debtor had unfortunately suffered a stroke [dkt. no. 316]. Debtor's counsel contends that it is prepared to proceed with debtor's objection to the IRS' proof of claim before this Court, but not before the Tax Court. Counsel maintains that if the Court were to abstain, then debtor would be forced to petition the Tax Court.  Debtor's counsel alleges that debtor cannot afford to hire counsel to represent him in Tax Court, and debtor's stroke adversely affects his ability to represent himself. In sum, given the choice of forum in which to litigate the tax dispute, debtor makes clear that it is in this Court where he wishes to proceed and the running of the 150-day Period would appear to be of little relevance to the debtor.

## Discussion

The pending motions present the Court with four primary questions: (i) whether the Stay Relief Stipulation, which resolved the First Stay Relief Motion regarding continued prosecution of the Malka Tax Proceeding, and the Conditional Order, which resolved the Second Stay Relief Motion, conferred exclusive jurisdiction on this Court to determine the outstanding tax dispute, (ii) whether debtor has standing to object to claims filed in his bankruptcy case, (iii) whether this Court should abstain from hearing the tax dispute in favor of the Tax Court, and (iv) whether the automatic stay should be modified for the limited purpose of commencing the 150-day Period regardless of whether this Court decides to abstain. The Court resolves each question below.

a. The Stay Relief Stipulation and Conditional Order

Debtor argues that the United States is precluded from seeking stay relief to permit the 150-day Period to run because both the Stay Relief Stipulation and the Conditional Order mandate that debtor's income tax liability be determined by this Court. In support of this argument, debtor points to the following retention of jurisdiction language in the Stay Relief Stipulation: "[t]he Bankruptcy Court shall retain exclusive jurisdiction over the terms, conditions, interpretations, implementations, and any and all disputes which may arise between the parties." This language, debtor argues, is a concession by the United States that the tax dispute must be heard by this Court. The United States has a different view of this language and its import. The United States argues that the language in question is nothing more than the parties' agreement that the Court retains exclusive jurisdiction to interpret and enforce the stipulation. The United States makes clear that the subject language is not a concession by it to the exclusive jurisdiction of this Court nor can it be read or interpreted as conferring exclusive jurisdiction on this Court to hear and determine the tax dispute. The Court agrees with the United States on this point. By statute, the Court does not have exclusive jurisdiction over the tax dispute; and the parties by agreement cannot confer exclusive jurisdiction on this Court.

In brief, the allocation of judicial power over bankruptcy matters is governed by (i) 28 U.S.C. § 151, which provides that the bankruptcy court is a "unit" of the district court, (ii) 28 U.S.C. § 1334(a), which provides that, except as set forth in 28 U.S.C. § 1334(b), district courts shall have original and exclusive jurisdiction over all "cases" under title 11, i.e., the Bankruptcy Code, (iii) 28 U.S.C. § 1334(b), which provides that district courts have original but not exclusive jurisdiction over all civil proceedings "arising under title 11, or arising in or related to cases under title 11" and (iv) 28 U.S.C. § 157(a), which provides that a district court may refer bankruptcy matters, i.e., cases under title 11 and proceedings arising under

17

title 11 or arising in or related to a case under title 11, to the bankruptcy court. As noted above, the Eastern District of New York has entered a general order of reference pursuant to which all bankruptcy matters are referred to the bankruptcy court. By reason of these three sections in title 28, i.e., § 151, § 1334, and § 157, the Bankruptcy Court is a court of limited jurisdiction. *See Celotex Corp. v Edwards*, 514 U.S. 300, 307 (1995) ("The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by statute.").

The debtor's tax dispute with the IRS is a civil proceeding arising during the pendency of this bankruptcy case. Accordingly, the jurisdiction of this Court over such proceeding is derived from the district court and falls under 28 U.S.C. § 1334(b) which vests original but not exclusive jurisdiction in the district court over all civil proceedings.[9] As such, under 28 U.S.C. § 157(a) and the standing order of reference in this district, this Court does not have exclusive jurisdiction over the outstanding tax dispute. Jurisdiction lies with the Tax Court as well. *See* 26 U.S.C. § 7442. Debtor does not dispute that the Tax Court has the authority to hear and determine whether debtor improperly claimed a theft loss deduction on his and Malka's joint tax return. Rather, he asserts that the parties by agreement conferred exclusive jurisdiction on this Court. This, debtor says, is made clear from the retention of jurisdiction language set forth in the Stay Relief Stipulation, to wit, "[t]he Bankruptcy Court shall retain exclusive jurisdiction over the terms, conditions, interpretations, implementations, and any and all disputes which may arise between the parties." The Court disagrees.

By the First Stay Relief Motion, the United States sought relief from the automatic stay to allow the Tax Court to hear and determine the outstanding dispute over debtor's and Malka's tax liability. The motion was prompted by the delay in the administration of debtor's

---

[9] Section 1334(a) and 1334(b) draw a distinction between a "case" which refers to the bankruptcy case in its entirety (here a chapter 7 case), from a "proceeding" which refers to a dispute or controversy that arises during the bankruptcy case. As noted, under § 1334(b), district courts have original but not exclusive jurisdiction over the three types of civil proceedings specified.

bankruptcy case because of the accounting action pending in state court between debtor and his former law partner and debtor's reluctance to seek stay relief to petition the Tax Court for resolution of the tax dispute. The United States did not seek stay relief simply to proceed with the Malka Tax Proceeding. However, as noted above, the Stay Relief Stipulation which resolved the First Stay Relief Motion merely referenced the case number of the Malka Tax Proceeding. Hence, in the end, the Stay Relief Stipulation was a non-event because it did not affect the Malka Tax Proceeding nor did it permit the 150-day Period to run vis-à-vis debtor. That is what prompted the United States to file the Second Stay Relief Motion. In short, the Stay Relief Stipulation did not resolve the parties' disagreement over the choice of forum for a determination of the tax dispute, nor did it confer exclusive jurisdiction on this Court to determine the tax dispute.

Additionally, debtor asserts that the choice of forum for resolution of the tax dispute was determined by the Conditional Order which directed debtor to commence an adversary proceeding or otherwise challenge the IRS' proof of claim in this Court within 30 days of entry of the Conditional Order. This, according to debtor, mandates that the tax dispute be heard and determined by this Court and the United States may not, after the fact, challenge that ruling. The debtor is wrong. The Conditional Order is not a concession by the United States to having this Court hear and determine the tax dispute. That is made clear by the very language of the Conditional Order which gives debtor a choice as to where to commence his challenge to the alleged income tax liability. The Conditional Order was entered because the bankruptcy case was at a standstill and the tax dispute needed to be resolved, either through resolution by the parties or a trial in this Court or in the Tax Court. Debtor chose this Court. That choice does not preclude the United States from asking that this Court abstain in favor of the Tax Court, nor can it be inferred that entry of the Conditional Order constitutes a ruling by this Court on abstention. At the time of its entry, no challenge to the IRS' proof of

claim was pending before this Court or the Tax Court. Simply stated, there was nothing to abstain from at that time.

As for the request by the United States that this Court modify the Conditional Order to remove the directive that debtor commence an adversary proceeding or challenge the IRS' proof of claim in this Court, that request is denied. No authority under Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to this contested matter by Bankruptcy Rule 9024, is offered in support of this argument.

b.  Debtor's Standing to Object to Proofs of Claim

Under § 502(a), "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The United States points to this statutory language and asserts that debtor is not a "party in interest" because he does not have a pecuniary interest in the bankruptcy case. This, the United States contends, demonstrates that debtor lacks the requisite constitutional or statutory standing to object to claims. For the following reasons, the Court disagrees.

First, the Second Circuit has held that "whether a Chapter 7 debtor may object to a proof of claim is a question of statutory standing. … Nothing in § 502 refers to jurisdiction or indicates that Congress intended the 'party in interest' limitation to be jurisdictional in nature." *Drake v. United States*, 622 Fed. Appx. 42, 42-43 (2d Cir. 2015) (assumes without deciding that the debtor in the case had standing to object to the IRS' proof of claim, but found that evidence was sufficient to support the bankruptcy court's allowance of the IRS claim).

 Second, although the Bankruptcy Code does not define the term "party in interest" in a chapter 7 case, the chapter 7 trustee is a party in interest and may object to proofs of claim. The chapter 7 trustee is charged with administering the bankruptcy estate and the duties of a trustee include examining proofs of claim and objecting to the allowance of any claim that

is improper. 11 U.S.C. § 704(a)(5). *See also In re Fiber Optek Interconnect Corp.*, No. 05-30045, 2010 Bankr. LEXIS 5007, at *6 (Bankr. S.D.N.Y. Jan. 15, 2010). In addition, "[a] party in interest includes those persons with a personal stake or pecuniary interest in the outcome of the controversy." *Normali v. O'Donnell (In re O'Donnell)*, Nos. 04-8054, 04-8056, 2005 Bankr. LEXIS 862, at *14 (B.A.P. 6th Cir. May 19, 2005). In general, a chapter 7 debtor is not considered a "party in interest" because he or she often lacks a pecuniary interest in property of the bankruptcy estate. *Fiber Optek Interconnect Corp.*, No. 05-30045, 2010 Bankr. LEXIS 5007, at *7; *Greene v. Burke (In re Burke)*, No. 07-cv-01947-AP, 2008 U.S. Dist. LEXIS 75586, at *10 (D. Colo. Sept. 29, 2008). However, courts have found a pecuniary interest where: (1) the objection would result in a surplus to the debtor, *In re Chaitan*, 517 B.R. 419, 426 (Bankr. E.D.N.Y. 2014) (*citing In re 60 E. 80th St. Equities, Inc.¸* 218 F.3d 109, 115-16 (2d Cir. 2000)), or (2) the challenged claim is nondischargeable, and a successful objection to the claim may reduce a debtor's personal liability on the alleged debt, *In re O'Donnell*, Nos. 04-8054, 04-8056, 2005 Bankr. LEXIS 862, at *15.

As to whether there will be any surplus to debtor, that remains to be seen. The trustee has recovered $305,000 for distribution to the holders of allowed claims. Debtor's former law partner and his former law firm have asserted a claim well in excess of the funds currently available for distribution by the trustee. The allowance of that claim hinges on the pending state court accounting action between the parties.

As to the nondischargeability ground, the Second Circuit has not yet decided whether nondischargeability of debt would confer standing upon a debtor to object to proofs of claim.[10]

---

[10] The Second Circuit decisions regarding whether a debtor is a "party in interest" have held that "[i]t is well-established that a Chapter 7 debtor is a 'party in interest' and has standing to object to sale of the assets, or otherwise participate in litigation surrounding the assets of the estate, only if there could be a surplus after all creditors' claims are paid." *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d at 115. *See also Licata v. Coan (In re Licata)*, 659 Fed. Appx. 704, 706 (2d Cir. 2016); *Pascazi v. Fiber Consultants, Inc.*, 445 B.R. 124, 127 (S.D.N.Y. 2011). The court in *60 E. 80th St. Equities, Inc.* did not discuss the issue of standing in the context of nondischargeability of

However, lower courts within the Second Circuit and in other jurisdictions have found that a debtor has standing where a debt is nondischargeable and a reduction of such debt, or a debt having higher priority in bankruptcy, would maximize the distribution of estate assets and reduce a debtor's personal liability on the nondischargeable debt. *Drake v. United States*, No. 1:13-CV-1136 (LEK), 2014 WL 6883104, at *3 (N.D.N.Y. Dec. 4, 2014); *In re Chaitan*, 517 B.R. at 426; *McGuirl v. White*, 86 F.3d 1232 (D.C. Cir. 1996) (finding the debtors have standing to challenge the trustee's fee application where all the debts were nondischargeable and reduction of the administrative expenses of the estate will necessarily reduce the amount of nondischargeable claims the debtors would be liable for post-bankruptcy); *In re Ellis*, No. 10-16998-RLM-7A, 2014 WL 1725810, at *5 (Bankr. S.D. Ind. Apr. 30, 2014) (finding debtor has standing to object to administrative expense claims where allowance of the claims as filed would affect the distribution to the holder of a nondischargeable loan and the debtor's post-discharge liability on such loan); *Willard v. O'Neil (In re Willard)*, 240 B.R. 664, 668 (Bankr. D. Conn. 1999) (finding that a debtor holds a direct pecuniary interest and standing to object to the allowance of a creditor's claim where the judgment debt at issue may never be discharged).

Here, debtor would be personally liable for that portion of his tax liability for tax years 1999 and 2000 that is not satisfied by a distribution from the bankruptcy estate. Section 507(a)(8)(A)(iii) confers priority, unsecured status, on claims for taxes "not assessed before, but assessable under applicable law or by agreement, after, the commencement of the case." 11 U.S.C. § 507(a)(8)(A)(iii). Because the deficiency for tax years 1999 and 2000 was assessed post-petition, the tax claim would be entitled to priority under § 507(a)(8), and the United

---

debt. The Second Circuit had the opportunity in *Drake*, 622 Fed. Appx. 42, to address whether nondischargeability of a tax debt would also confer a debtor with pecuniary interest, but declined to rule on that issue.

States would argue that the claim is nondischargeable under § 523(a)(1)(A).[11] Because there is no evidence that that the estate is administratively insolvent at this time, debtor has a pecuniary interest as a successful objection to the IRS' proof of claim will reduce his personal liability for such taxes post-bankruptcy.

The United States argues that a complaint filed by a debtor seeking to except a debt from discharge under § 523(a) serves no bankruptcy purpose where the debt is indisputably nondischargeable. According to the United States, a court need not hear a debtor's claim that an amount less than that asserted by the IRS is due and owing, or that no amount is due and owing, where it is clear that the challenged debt is nondischargeable. This argument is unavailing. Here, debtor is not seeking to except the tax debt from discharge under § 523(a) nor has he disputed that any tax debt would be nondischargeable. Rather, he submits that because the amount of such debt has not yet been finalized, the determination of liability and amount owed to the IRS, if any, would directly affect whether general unsecured creditors will receive any distribution from the bankruptcy estate, not just debtor's post-bankruptcy liability. If the tax debt owed exceeds the assets available for distribution, the general unsecured creditors of this bankruptcy estate will receive nothing. Because a determination of debtor's tax liability will have a direct impact on funds available for distribution to creditors, the Court finds that debtor has standing at this time to object to the IRS' proof of claim.

c.    Whether this Court Should Abstain from Hearing the Tax Dispute

Although this Court has jurisdiction, the United States asks the Court to abstain from hearing the outstanding tax dispute in deference to the Tax Court. The United States' request

---

[11] Section 523(a)(1)(A) provides that a discharge under § 727 does not discharge an individual from any debt:
    (1) for a tax or a customs duty –
        (A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of
        this title, whether or not a claim for such tax was filed or allowed.

is for permissive or discretionary abstention under 28 U.S.C. § 1334(c)(1). Section 1334(c)(1) provides that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). Bankruptcy courts have broad discretion in determining whether abstention is appropriate. *Cody, Inc. v. County of Orange (In re Cody, Inc.)*, 281 B.R. 182, 190 (S.D.N.Y. 2002).

Permissive or discretionary abstention under 28 U.S.C. § 1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not be rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case." *In re Cody, Inc.*, 281 B.R. at 190 (*quoting Zack v. United* States, 224 B.R. 601, 606 (E.D. Mich. 1998)). *See also Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223, 232 (2d Cir. 2002); *The Chamberlain Group, Inc. v. Lear Corp. (In re Lear Corp.)*, Adv. No. 09-01441 (ALG), 2009 WL 3191369, at *3 (Bankr. S.D.N.Y. Sept. 24, 2009) (stating that courts have "wide discretion" in deciding whether to abstain). Although 28 U.S.C. § 1334(c)(1) references state law, it "has been widely applied by bankruptcy courts to abstain from hearing tax disputes between debtors and state and/or federal taxing authorities." *Cody, Inc.*, 281 B.R. at 191. *See also In re Motors Liquidation Co.*, 457 B.R. 276, 288 (Bankr. S.D.N.Y. 2011).

In determining whether to abstain under 28 U.S.C. § 1334(c)(1), bankruptcy courts consider the following factors:

(1)    the effect, or lack thereof, of abstention on the estate if a Court recommends abstention;

(2)    the extent to which [non-bankruptcy] law issues predominate over bankruptcy issues;

(3)    the difficulty or unsettled nature of the applicable [non-bankruptcy] law;

(4)     the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5)     the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6)     the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7)     the substance rather than the form of an asserted "core" proceeding;

(8)     the feasibility of severing [non-bankruptcy] law claims from core bankruptcy matters to allow judgment to be entered in [non-bankruptcy] court with enforcement left to the bankruptcy court;

(9)     the burden on [the bankruptcy court's] docket;

(10)    the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties;

(11)    the existence of a right to a jury trial; and

(12)    the presence in the proceeding of non-debtor parties.

*Motors Liquidation Co.*, 457 B.R. at 289 (*quoting In re Portrait Corp. of America, Inc.)*, 406 B.R. 637, 641-42 (Bankr. S.D.N.Y. 2009)); *Cody, Inc.*, 281 B.R. at 190-91; *In re Gordon*, No. 09-16230 (AJG), 2011 WL 3878356, at *3 (Bankr. S.D.N.Y. Aug. 30, 2011) (considering similar factors to find that permissive abstention under 28 U.S.C. § 1334(c)(1) in favor of the Tax Court was appropriate); *Liani v. Baker (In re Baker)*, 374 B.R. 498, 505 (Bankr. E.D.N.Y. 2007) (finding permissive abstention under 28 U.S.C. § 1334(c)(1) to be unwarranted where, *inter alia*, no state court case has been commenced and state law issues did not predominate over bankruptcy issues).

Additionally, the issue of whether the Court exercises its jurisdiction to determine the debtor's tax liability implicates § 505(a). Debtor's objection to the IRS claim is analogous to commencement of a proceeding before this Court under § 505(a) to determine the amount or legality of a debtor's tax liability. Section 505(a)(1) provides, in pertinent part, that:

the court *may* determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a)(1) (emphasis added). As with 28 U.S.C. § 1334(c)(1), a bankruptcy court's decision to determine a debtor's tax liability under § 505(a)(1) is discretionary. *New Haven Projects Ltd. Liab. Co. v. City of New Haven (In re New Haven Projects Ltd. Liab. Co.)*, 225 F.3d 283, 287-88 (2d Cir. 2000) (observing that the use of the word "may" denotes a grant of authority that is permissive while use of the word "shall" denotes mandatory requirements); *In re 499 W. Warren St. Assocs., Ltd. P'ship*, 143 B.R. 326, 329 (Bankr. N.D.N.Y. 1992); *In re Galvano*, 116 B.R. 367, 372 (Bankr. E.D.N.Y. 1990). The court's discretion under § 505(a) is exercised on a case by case basis. *In re Hunt*, 95 B.R. 442, 445 (Bankr. N.D. Tex. 1989). In deciding whether to exercise its discretion to determine the amount or legality of a tax under § 505(a), bankruptcy courts consider several factors, including:

    (1)     the complexity of the tax issue;
    (2)     the need to administer the bankruptcy case in an expeditious fashion;
    (3)     the burden on the bankruptcy court's docket;
    (4)     the length of time necessary to conduct the hearing and to render a decision thereafter;
    (5)     the asset and liability structure of the debtor; and
    (6)     the potential prejudice to the debtor, the taxing authority, and creditors.

*New Haven Projects Ltd. Liab. Co.*, 225 F.3d at 289; *499 W. Warren St. Assocs., Ltd. P'ship*, 143 B.R. at 329.

       Generally, bankruptcy courts decline to exercise jurisdiction to determine a debtor's tax liability under § 505 where the tax litigation would further no bankruptcy purpose. *New Haven Projects Ltd. Liab. Co.*, 225 F.3d at 290 (declining § 505 determination where amount of unsecured debt was *de minimis* and review would only benefit debtor, its affiliates, and insiders); *Gordon*, No. 09-16230 (AJG), 2011 WL 3878356, at *6. As such, the rationale for determining the amount or legality of a tax under § 505 is whether creditors of the estate will benefit. For example, a § 505(a) determination protects creditors from the dissipation of a

bankruptcy estate's assets if the bankruptcy estate was bound by a tax judgment which the debtor failed to contest prior to bankruptcy.[12] *New Haven Projects Ltd. Liab. Co.*, 225 F.3d at 287; *Galvano*, 116 B.R. at 372. This, however, is not an issue here because debtor did not petition the Tax Court prior to commencement of his bankruptcy case and, consequently, no tax judgment was entered against debtor prepetition.

In its motion, the United States makes a compelling argument for abstention under 28 U.S.C. § 1334(c)(1) or for this Court to decline to determine the amount or legality of the tax debt under § 505(a) by calling attention to the following: (a) the tax dispute centers upon whether debtor's theft loss deduction was appropriate — a matter, the United States notes, is an issue of pure tax law and requires a determination as to (i) whether the applicable statute of limitations for deducting losses of a pass-through entity is outcome-determinative, (ii) whether other legitimate expenses claimed by debtor were misunderstood or ignored by the IRS, (iii) whether a theft occurred, and (iv) assuming that a theft occurred, whether the theft loss can be deducted by debtor, and the circumstances where such deduction would be proper; (b) the Tax Court exists as a specialized tribunal created to specifically handle such disputes; (c) Malka's Tax Proceeding is pending before the Tax Court as a related proceeding in which the Tax Court must make a similar determination as to debtor and Malka's tax liability before deciding on Malka's innocent spouse defense; (d) because of the Malka Tax Proceeding, the Tax Court has been ready for several years to preside over the tax dispute; and (e) Malka is a non-debtor party to the tax dispute, and the Court does not have

---

[12] Section 505, however, does not permit a court to determine the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the bankruptcy case. 11 U.S.C. § 505(a)(2)(A). *See also Galvano*, 116 B.R. at 374 (affirming bankruptcy court's ruling that the first tax assessment had been "contested and adjudicated" before a tribunal of competent jurisdiction and § 505(a) precluded further determination by the bankruptcy court). As there has been no prior determination of debtor's tax liabilities by the Tax Court, this exception does not apply here.

jurisdiction to hear and determine the amount or legality of Malka's alleged tax liability and the merits of her innocent spouse defense.

While the argument advanced by the United States weighs in favor of abstention, the principles of permissive abstention are traditionally considered when there is a proceeding pending in another forum. Debtor points out that is not the case here. There is no parallel proceeding in Tax Court to determine debtor's tax liability, if any. Although the Malka Tax Proceeding is pending in the Tax Court, albeit held in abeyance, a proceeding to determine debtor's tax liability is not currently before the Tax Court. Debtor deliberately chose not to seek stay relief to petition the Tax Court for a determination of his purported tax liability, and he intervened in the Malka Tax Proceeding solely to assert the automatic stay relative to any claims against him regarding Malka's claim for innocent spouse relief. Moving to intervene in the Malka Tax Proceeding is not the same as petitioning the Tax Court for a determination of debtor's tax liability. If the United States thought otherwise, it would not have sought relief from the automatic stay to allow the running of the 150-day Period.

Although tax law, and not bankruptcy law, would hold sway in any proceeding to determine the amount or legality of debtor's tax liability, the end result would have a direct and significant impact on the distribution to creditors holding general unsecured claims in this bankruptcy case because of the priority in payment accorded the IRS on its tax claim. *See* 11 U.S.C. § 726(a). Hence, resolution of the tax dispute is integral to the administration by the trustee of debtor's bankruptcy case. Unless debtor has a change of heart, or strategy, and elects to file a petition with the Tax Court for a redetermination of the IRS assessment, this Court is the only available forum at this time in which the tax dispute can be determined.

While the Court, based on the record placed before it, believes that the tax dispute is best resolved in Tax Court, the request by the United States for abstention is premature and is hereby denied without prejudice as there is currently no alternative forum where debtor's

tax dispute may be heard. This decision should not be interpreted as the Court's lending any credence to the strategy employed by debtor in avoiding resolution of the outstanding tax dispute.

d.   The United States' Request to Lift the Stay

Lastly, the United States contends that if the Court does not defer to the Tax Court, the automatic stay imposed under § 362(a)(8) should be lifted to permit the running of the 150-day Period. The United States argues that no purpose is served by continuing to toll the 150-day Period because debtor has made it clear that the tax dispute should be decided by this Court. In response, debtor contends that (i) the United States has raised this issue four times, and (ii) the Conditional Order, which resolved the Second Stay Relief Motion and directed debtor to decide whether to challenge the IRS' proof of claim in this Court, is a final order that the United States did not appeal nor timely move to reconsider. For these reasons, debtor asserts, the United States is precluded from seeking relief from stay in order to start the clock on the 150-day Period. The Court disagrees. The Conditional Order provided for the lifting of the automatic stay if debtor failed to challenge the IRS claim within 30 days of the entry of the Conditional Order. It did not bar the United States from later seeking relief from stay, which the United States did in the Motion to Dismiss Claims Objection and the Third Stay Relief Motion.

Additionally, debtor argues that lifting the stay to allow the 150-day Period to run compels debtor to petition the Tax Court. This argument is likewise unavailing. First, debtor has repeatedly stated that he has no intention of filing a petition with the Tax Court, alleging both health and financial reasons. The purpose of the 150-day Period is to provide a debtor sufficient time and opportunity to petition the Tax Court, despite an intervening bankruptcy filing. Outside of bankruptcy, if a debtor chose not to proceed before the Tax Court, he or she could not file a petition with the Tax Court after the deadline has passed.  Second, if a debtor

decides to proceed in bankruptcy court, a determination of tax liability by the bankruptcy

court is final and issue preclusion would prevent a subsequent review by the Tax Court.

> The general principle of res judicata provides that once a court
> of competent jurisdiction has entered a final judgment on the
> merits of a cause of action, the parties to the suit AND THEIR
> PRIVIES are bound as to each matter that sustained or defeated
> the claim, and as to any other admissible matter that could have
> been offered for that purpose. *Comm'r of Internal Revenue v.
> Sunnen*, 333 U.S. 591, 597 (1948).

*McQuade v. Comm'r of Internal Revenue*, 84 T.C. 137, 141 (Tax Ct. 1985) (emphasis in

original).  The Tax Court has previously held that "Congress intended that once a bankruptcy

court allowed a deficiency for which claim was filed and that court's action became final, the

amount and validity of the deficiency was not thereafter to be the subject of a consideration

by the Tax Court." *McQuade*, 84 T.C. at 145 (*quoting Comas, Inc. v. Comm'r of Internal

Revenue*, 23 T.C. 8, 12 (Tax Ct. 1954)). *See also Freytag v. Comm'r of Internal Revenue*, 110

T.C. 35, 46 (Tax Ct. 1998) (holding that while the Tax Court retained jurisdiction over a tax

dispute arising from a petition filed in Tax Court prior to the taxpayers' bankruptcy filing,

the Tax Court was bound by the principle of *res judicata* with respect to the Bankruptcy

Court's determination of all the factual and legal issues in dispute in the bankruptcy case).[13]

Thus, if this Court, as debtor's selected forum, were to rule against him on his claims

objection, he could not then file a petition with the Tax Court in the hope of getting a better

result.  Rather, debtor's recourse on an adverse ruling is an appeal to the District Court.

In short, debtor has not expressed any credible reason as to why the toll on the 150-

day Period should continue or how he is prejudiced by the stay being lifted. Given debtor's

---

[13] While the case before the Court is a chapter 7 case, the Court notes that the doctrine of *res judicata* would not apply to a consent order or settlement resolving a debtor's objection to a proof of claim filed by the IRS in a chapter 11 case for purposes of determining the amount to be allowed in a plan of reorganization where the consent order was not a final determination by the bankruptcy court pursuant to § 505(a) on the merits of a debtor's entire federal tax debt for any given year, and collateral estoppel also would not apply where the issue of a debtor's total federal tax liability was never actually litigated. *Breland v. Comm'r of Internal Revenue*, 152 T.C. No. 9, 2019 WL 1409668, at *10 (Tax Ct. Mar. 28, 2019).

unrelenting position that the outstanding tax dispute must be heard and determined by this Court, no purpose is served by preserving the 150-day Period. Why should debtor, after making clear his choice of forum, now have an option to decide at some point *prior to* final determination of tax liability by this Court, to take a chance in Tax Court. A taxpayer outside of bankruptcy cannot forum shop after the statute of limitations has run and a debtor in bankruptcy should not be able to stay the running of a limitations period to ensure access to an alternative forum if litigation in the chosen forum is not proceeding in his or her favor. The only consequence of lifting of the stay is to put a time limit on debtor's ability to change his strategy regarding in which forum he wishes to litigate the tax dispute. To preserve the 150-day Period under the circumstances present in this bankruptcy case invites a potential for abuse and a waste of judicial resources. It is time for the tax dispute to be resolved, it has been delayed long enough. As debtor noted, his health has declined and he is on in years. He has spent more than a decade in bankruptcy, all the while litigating an accounting action with his former law partner in state court, and more than 15 years have passed since events relevant to tax years 1999 and 2000 occurred. Accordingly, based on the record placed before the Court, the automatic stay imposed under § 362(a)(8) is lifted to allow the running of the 150-day Period.

e.  The Burden of Proof in the Tax Litigation

Although the burden of proof need not be addressed until the Court hears the merits of the disputed tax liability, the Court believes it is prudent to discuss the burden of proof at this time as debtor considers his options. One of debtor's principal reasons for insisting that this Court hear and determine the outstanding tax dispute is his unwavering belief that he will successfully rebut the *prima facie* validity of the IRS' proof of claim and the burden then shifts to the United States to prove debtor's tax liability. To support his argument, debtor relies on the burden shifting framework applied to claims objections. *See In re St. Johnsbury*

*Trucking Co., Inc.*, 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997), *aff'd.*, 221 B.R. 692 (S.D.N.Y. 1998), *aff'd.*, 173 F.3d 846 (2d Cir. 1999). Debtor claims that while in Tax Court the burden is on the taxpayer to prove that deductions taken on his or her tax return were proper, the opposite holds true in bankruptcy court. The burden, he says, rests with the IRS. Debtor is incorrect. As discussed below, a bankruptcy filing does not alter the applicable burden of proof with respect to the tax claim.

In a proceeding before the Tax Court, the burden of proof is on the taxpayer. Tax Court Rule 142(a)(1).[14] "The Commissioner's deficiency determinations are presumed correct and the taxpayer bears the burden of proving otherwise." *Alioto v. Comm'r of Internal Revenue.*, 699 F.3d 948, 952 (6th Cir. 2012) (*quoting Ekman v. Comm'r of Internal Revenue*, 184 F.3d 522, 524 (6th Cir. 1999)); *Jeppsen v. Comm'r of Internal Revenue*, 128 F.3d 1410, 1418 (10th Cir. 1997); *Krahmer v. United States*, 810 F.2d 1145, 1147 (Fed. Cir. 1987). *See also Lombard Bros., Inc. v. U.S.*, 893 F.2d 520, 523 (2d Cir. 1990) (holding that the taxpayer has the burden of proof of establishing by clear and convincing evidence that the loss was caused by larceny or some similar criminal acts).

The taxpayer's bankruptcy filing does not change the burden of proof imposed by substantive law with respect to allowance of a tax claim. *Raleigh v. Ill. Dept. of Revenue*, 530 U.S. 15 (2000). The Supreme Court in *Raleigh* held that "[b]ankruptcy courts are not authorized in the name of equity to make wholesale substitution of underlying law controlling the validity of creditors' entitlements, but are limited to what the Bankruptcy Code provides." *Id.*, at 24-25. Finding the Bankruptcy Code silent on the issue of whether the burden of proof shifts to the government and concluding that the burden of proof in bankruptcy should be no

---

[14] Tax Court Rule 142(a)(1) provides that "[t]he burden of proof shall be upon the petitioner, except as otherwise provided by statute or determined by the Court; and except that, in respect of any new matter, increases in deficiency, and affirmative defenses, pleaded in the answer, it shall be upon the respondent."

different than the applicable burden of proof outside of bankruptcy, the Supreme Court held

that underlying substantive law controlled.

> Given its importance to the outcome of cases, we have long held the burden of proof to be a "substantive" aspect of a claim. That is, the burden of proof is an essential element of the claim itself; one who asserts a claim is entitled to the burden of proof that normally comes with it.
>
> Tax law is no candidate for exception from this general rule, for the very fact that the burden of proof has often been placed on the taxpayer indicates how critical the burden rule is, and reflects several compelling rationales: the vital interest of the government in acquiring its lifeblood, revenue; the taxpayer's readier access to the relevant information; and the importance of encouraging voluntary compliance by giving taxpayers incentives to self-report and to keep adequate records in case of dispute.

*Id.*, at 21 (internal citations omitted).

Although the Supreme Court's decision in *Raleigh* dealt with an Illinois tax claim, "its

reasoning can readily be extended to provide that the ultimate burden of proof always rests

on the party who would bear it outside of bankruptcy." 9-3001 Collier on Bankruptcy P

3001.09[2] (16th ed. 2019) (*citing In re Vancleef*, 479 B.R. 809, 821 (Bankr. N.D. Ind. 2012)

(noting that a "claimant is held to the same standard of proof as if the claimant were

establishing its claim in a non-bankruptcy forum"), *rev'd and remanded on other grounds*,

*Yoon v. Vancleef*, 498 B.R. 864 (N.D. Ind. 2013)). In applying *Raleigh* to a federal tax claim,

the Second Circuit held:

> [f]ederal tax assessments are presumed to be correct and prima facie evidence of liability. *See Welch v. Helvering*, 290 U.S. 111, 115, 54 S. Ct. 8, 78 L. Ed. 212 (1933); *United States v. McCombs,* 30 F.3d 310, 318 (2d Cir. 1994). The taxpayer bears the burden to prove that the assessment was incorrect. *McCombs*, 30 F.3d at 318. This burden applies within bankruptcy proceedings.

*Internal Revenue Service v. Worldcom, Inc. (In re Worldcom, Inc.)*, 723 F.3d 346, 352 (2d Cir.

2013) (*citing Raleigh*, 530 U.S. at 26). Therefore, in resolving the outstanding tax dispute,

the burden of proof lies with debtor, to wit, it is debtor's responsibility to establish that the IRS assessment was incorrect and that deductions on his tax returns were properly taken.

Conclusion

For the foregoing reasons, the United States' motion to dismiss debtor's objection to the IRS' proof of claim is denied in part and granted in part. The motion is (i) denied to the extent it seeks to remove the directive in the Conditional Order that debtor must commence an adversary proceeding or otherwise challenge the IRS' proof of claim in this Court by a date certain, (ii) denied as premature to the extent is seeks to have this Court abstain from hearing the tax dispute in deference to the Tax Court, and (iii) granted to the extent of lifting the automatic stay to permit the 150-day Period pursuant to IRC § 6213(f)(1) to run. Because the Court has granted that portion of the United States' motion for relief from the automatic stay so as to start the running of the clock on the 150-day Period, the United States' separate motion for relief from the automatic stay so as commence the running of the 150-day Period is denied as moot.

The Court will issue a separate order directing the parties to appear at a status conference to discuss the next steps toward resolution of debtor's alleged tax liability.

So Ordered.



**Dated: June 5, 2019**
**Central Islip, New York**

_Louis A. Scarcella_
**Louis A. Scarcella**
**United States Bankruptcy Judge**