UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In Re: Chapter 7

Joseph Yerushalmi, Case No. 8-07-72816-845

Debtor.
---------------------------------------------------------X
Marc A Pergament, Chapter 7 Trustee of the Estate of Joseph Yerushalmi,

Plaintiff, Adv. Pro. No. 8-21-08132-las

v.

Malka Yerushalmi; Joseph Yerushalmi;
Elan Shani and Doris L. Martin, as Trustees of the Yerushalmi Family Trust II;
Elan Shani, as Successor Trustee of the July 31, 1989 Yerushalmi Trust;
and United States of America,

Defendants.
---------------------------------------------------------X

**ORDER APPROVING SETTLEMENT AGREEMENT**

Upon the motions, dated August 26, 2025 (the "Motions"), of Marc A. Pergament (the "Trustee"), as the trustee of the bankruptcy estate ("Estate") of Joseph Yerushalmi (the "Debtor"), pursuant to Bankruptcy Rule 9019(a), seeking the entry of an order approving the settlement between the Trustee on behalf of the Estate, the United States of America (through the Department of Justice, Tax Division, on behalf of the Internal Revenue Service), Janet Baldwin as Executrix for the decedent estate of Joseph Yerushalmi (the "Decedent Estate of Joseph Yerushalmi"), Malka Yerushalmi, and the law firm of Melzer, Lippe, Goldstein & Breitstone, LLC, resolving, among other things, the Internal Revenue Service's Proof of Claim and the dispute embodied in the above-referenced Adversary Proceeding No. 8-21-08132 between the Trustee and the Decedent Estate of Joseph Yerushalmi regarding half of the net proceeds from the sale of certain real property, including the Settlement Agreement (the "Settlement") attached thereto as Exhibit A [Bankr. Dkt. No. 393-3; Adv. Pro. Dkt. No. 61-3]; and a hearing on the Motions having been noticed for October 21, 2025; and no opposition to the Settlement having been filed and a certificate of no objection having been filed in

above-referenced bankruptcy case [Bankr. Dkt. No. 397]; and the Court having found that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iv) notice of the Motions was sufficient and no additional notice of a hearing on the Motions is required under the circumstances, (v) the relief sought in the Motions is in the best interests of the Debtor's Estate, its creditors and other parties in interest and is supported by good business reasons in accordance with Bankruptcy Rule 9019, and (vi) the Settlement was negotiated at arms' length and in good faith; and the Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motions establish just cause for the relief granted herein; now, therefore,

IT IS HEREBY ORDERED THAT:

1. The Motions are granted to the extent provided herein.

2. Pursuant to Bankruptcy Rule 9019 the Settlement, and all of its terms and conditions [Bankr. Dkt. No. 393-3; Adv. Pro. Dkt. No. 61-3], are approved.

3. The Trustee is authorized to take any and all actions reasonably necessary to consummate the Settlement and perform any and all obligations contemplated therein.

4. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: October 22, 2025**
**Central Islip, New York**

Louis A. Scarcella
United States Bankruptcy Judge